THE PEOPLE OF THE STATE OF NEW YORK ex rel.
CHARLES G. KEHOE, Respondent, *v.* JOHN P. LEO,
as Commissioner of Street Cleaning of the City of
New York, Appellant.

**Civil Service Law — amendment thereto by chapter 225 of
Laws of 1919 — employee of municipality who served in United
States army and was honorably discharged entitled to be
reinstated in the position he held when he entered the service
unless position has been abolished — insufficiency of evidence
offered to show position was abolished.**

1. An engineering inspector of the street cleaning department of
New York city, who served in the United States army during the
late war and who was honorably discharged, is entitled under the
statute (L. 1919, ch. 225, adding section 22-b to the Civil Service
Law, Cons. Laws, ch. 7) to be reinstated in the position he held when
he entered the service unless, in the interval, the position had been
abolished.

2. Where such employee was refused reinstatement and the books
and records of the department fail to show that the position was
abolished, no notice given to the civil service commission to that
effect, and the relator's name was carried on the books although
without any appropriation for his salary, he is entitled to a writ of
mandamus requiring the head of the department to reinstate him.

*People ex rel. Kehoe* v. *Leo*, 199 App. Div. 930, affirmed.

(Argued March 1, 1922; decided March 21, 1922.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial
department, entered November 24, 1921, which unani-
mously affirmed an order of Special Term granting a
motion for a peremptory writ of mandamus to compel the
reinstatement of the relator in the position of engineering
inspector in the department of street cleaning.

*John P. O'Brien, Corporation Counsel (John F. O'Brien,
Willard S. Allen* and *Arthur Sweeny* of counsel), for
appellant. There can be no doubt of the abolition of

relator's position. It is not the intent of chapter 225, Laws of 1919, to attempt restoration to a position which does not exist, nor to compel the discharge of a non-veteran to create a vacancy for a veteran. (*People ex rel. Kinehan* v. *Higgins,* 159 App. Div. 226; *Matter of Barthelmess,* 231 N. Y. 435; *People ex rel. Davison* v. *Williams,* 213 N. Y. 130; *Matter of Griffin* v. *Williams,* 168 App. Div. 63; 216 N. Y. 651; *People ex rel. Cusack* v. *Bd. Education,* 174 N. Y. 136; *People ex rel. Connolly* v. *Bd. Education,* 114 App. Div. 1; 187 N. Y. 535; *Matter of Breckenridge,* 160 N. Y. 103; *People ex rel. Chappel* v. *Lindenthal,* 173 N. Y. 524.)

*Cornelius W. Wickersham* and *Paul H. Arthur* for respondent. The relator brings his case within the provisions of section 22-b of the Civil Service Law and is entitled to reinstatement thereunder. (*Waters* v. *City of New York,* 101 App. Div. 196.) The relator's position in the department of street cleaning has not been abolished. (*People ex rel. Davison* v. *Williams,* 213 N. Y. 130; *Grieb* v. *City of Syracuse,* 94 App. Div. 133; *People ex rel. Barton* v. *Brannon,* 141 App. Div. 295; *Sullivan* v. *McAneny,* 145 App. Div. 413; *People ex rel. Traphagen* v. *King,* 13 App. Div. 400; *People ex rel. Nuttall* v. *Simis,* 18 App. Div. 199; *People ex rel. Boyd* v. *Hertle,* 28 Misc. Rep. 37; *People ex rel. Carll* v. *York,* 53 App. Div. 429; *People ex rel. Frank* v. *Monroe,* 99 App. Div. 290; *People ex rel. Hart* v. *La Grange,* 7 App. Div. 311.)

Andrews, J. In July, 1918, there were three engineering inspectors in the street cleaning department of New York. One was the relator. He then entered the military service of the United States and, therefore, was unable to perform his duties to the city. He was honorably discharged on October 21, 1919, and applied in writing for reinstatement under the provisions of section 22-b of chapter 225 of the Laws of 1919. This application

should have been granted unless in the interval the position formerly occupied by him had been abolished. If it had been the statute gives him no preference over others remaining in the employment of the city although they may hold similar positions. It is not necessary to discharge them to make place for the relator. (*People ex rel. Davison* v. *Williams,* 213 N. Y. 130.)

This appeal is from an order granting a peremptory writ of mandamus. We may consider, therefore, all statements of fact made by the defendant and only such uncontradicted statements as are made by the relator. The latter claims that such statements show him to be entitled to the relief he seeks as a matter of law. We do not understand that the defendant urges that any dispute as to the facts has arisen or that he desires an alternative writ. He argues that from these same facts the conclusion follows that the position no longer exists.

We assume that the position of the relator was created by the joint action of the commissioner of street cleaning in presenting a departmental estimate asking for an appropriation for a salary for the place and the action of the board of estimate and apportionment and the board of aldermen in regard thereto. (Greater New York Charter, sec. 226.) When created the position is filled by the commissioner. (Sec. 1543.) We assume also that the position may be abolished, if in a subsequent estimate with that intent a request for salary for such position is omitted and with that intent the board does in fact omit it, or by some action of the commissioner alone taken with the like intent. We assume also that in case of the absence of an employee engaged in military service, his position may be retained until his return, although no appropriation for salary is made in the interval.

The claim of the defendant seems to be that because in the budget of 1919 the line appropriating a salary for the relator was omitted his position was abolished. Under the circumstances presented here we cannot say that the

bare fact of such action requires us to draw this inference. When the relator entered the military service he received a leave of absence without pay, which was extended to March 31, 1919. Thereafter until his return in October, he was absent without leave. All this time his name was carried on the books of the department as absent on military duty. On such books also until January 1, 1920, on the pages where were recorded the daily assignment of employees for duty there appeared the official notation, " Charles G. Kehoe, Lieut. U. S. Army." On the pay-rolls for 1919 was a similar notation. The commissioner made no attempt to notify the civil service commission that the office had been abolished as he would have done had that been so. (Charter, sec. 1543.)

What happened in the fall of 1918 does not fully appear. No reference is made to the departmental estimate nor what statement, if any, it made as to Kehoe's position. All that is shown as has been said is that the board of estimate omitted the line formerly used for the appropriation for his salary. The defendant does not state affirmatively that he had abolished or intended to abolish the position. No reason of economy or otherwise is given why such a course should be taken. It may well be that the intention was to suspend the filling of the position until Kehoe's return. While absent without pay no appropriation was required for that particular place. Remembering that the burden is on the defendant to show the position was in fact abolished we hold he has failed to do so by merely giving us the contents of the budget of 1919.

The same thing may be said of the budget of 1920, founded on departmental estimates prepared before Kehoe's return, although in connection with it one further fact appears. On January 31, 1920, the commissioner wrote to the civil service commission that he had terminated the services of Kehoe as engineering inspector on January 1, 1920, " due to lack of appropriation."

This bare statement is of itself not the official action required. Something further is necessary. Indeed no claim is made by the defendant that this letter accomplished any such result. The statute is an attempt to provide that public employees shall not be penalized for their patriotism. While not as full and explicit as might be desired, its language should be fairly interpreted with this design in view. If on returning from the war a soldier finds his old position has been in good faith abolished, for reasons of economy, or because under changed conditions it is no longer required, then he has no remedy. But in answer to his application it is the duty of officials to show clearly that this has been done. Otherwise a mandamus should be granted as it was in the case before us.

The order of the Appellate Division should be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ., concur.

Order affirmed.