In the Matter of the Application of JOHN H. COLLINS, Appellant, for an Order of Mandamus against THE CITY OF SCHENECTADY, New York, and Others, Respondents.*

Third Department, March 8, 1939.

*George A. Marcus [John C. Collins* of counsel], for the appellant.

*Arlen T. St. Louis, Corporation Counsel,* for the respondents.

HEFFERNAN, J. Petitioner has appealed from an order of the Schenectady Special Term of the Supreme Court denying his application to compel the commissioner of health of the city of Schenectady to sign the appropriate payrolls for the payment of petitioner's salary as deputy commissioner of health of the city from January 1, 1938, to April 15, 1938, and to compel the director of finance to audit such payrolls and requiring the civil service commission to certify thereto.

Schenectady is a city of the second class and since January 1, 1936, has been operating under Plan C of the Optional City Government Law. Under that law all the legislative powers of the city are vested in a council composed of a mayor and six councilmen, all of whom are elected at large. (Laws of 1914, chap. 444, § 87.)

The administrative and executive powers of the city, including the power of appointment of officers and employees, are vested in an official known as the city manager who is appointed by the council and holds office during its pleasure. (Laws of 1914, chap. 444, § 90.)

* Revg. 168 Misc. 55.

The city manager is authorized to appoint such city officers and employees as the council shall deem necessary for the proper administration of the city. (Laws of 1914, chap. 444, § 92.)

Petitioner is a resident of the city of Schenectady and is a physician duly licensed to practice his profession in this State and is qualified to serve as deputy health commissioner in a city of the second class.

On the 31st of August, 1936, the council of the city of Schenectady adopted an ordinance creating and establishing a department of public health and included therein, among others, the positions of commissioner of health with an annual salary of $7,000 and deputy commissioner of health with an annual salary of $4,000, the term of each position being four years.

Pursuant to the provisions of this ordinance and on September 1, 1936, the city manager appointed petitioner to the position of deputy commissioner of health effective as of that date. Petitioner accepted the appointment, qualified as such and entered upon the performance of his duties and was paid his salary from the date of his appointment to the 1st day of January, 1938, since which date he has been ready and willing to perform the duties of his office and has so advised the respondents. He has received no salary subsequently to January 1, 1938.

In the month of November, 1937, the council of the city by resolution adopted a budget for the year 1938, proposed by the city manager, which budget omitted the position of deputy commissioner of health and failed to appropriate any salary therefor.

In March, 1938, the council adopted an ordinance purporting to recreate the position of deputy commissioner of health at an annual salary of $4,000 and made an appropriation for the payment of such salary from March 1 to December 31, 1938. The city manager made no appointment under this ordinance.

No claim is asserted that petitioner failed in any respect in the performance of his duties nor is it contended that he was ever given any official notice that his position was abolished. The argument of the respondents is that the omission of the position of deputy commissioner of health and any salary appropriation therefor from the 1938 city budget constitutes in law the abolition of such position. The Special Term adopted this view. We think otherwise.

We are in accord with the view of the respondents that the city had the right to abolish this position for reasons of economy or otherwise or for no reason at all. It is a general rule when not qualified or restricted by positive law that the power which creates an office may abolish it in its discretion and this rule is applicable to municipal offices created by act of the municipality. A munici-

pal corporation may, unless restrained by its charter or other statute, abolish an office created by ordinance. (1 Dillon on Municipal Corporations [5th ed.], § 423.)

It is true that the certificate appointing petitioner to office did not state the term for which he was appointed. He was appointed by virtue of an ordinance which fixed the term of office at four years. The council in creating the office definitely fixed the term of duration. No power was conferred upon the city manager to change the length of that term. The only authority which the city manager had under the ordinance was to fill the position. (*Matter of Sullivan* v. *Taylor*, 279 N. Y. 364; *People* v. *Dooley*, 69 App. Div. 512; affd., 171 N. Y. 74; *Stadler* v. *City of Detroit*, 13 Mich. 346.)

Petitioner's office having been created by an ordinance could not be legally abolished by a mere resolution fixing an annual budget. The adoption of a budget by the city could neither create nor abolish positions. (*People ex rel. Kehoe* v. *Leo*, 233 N. Y. 173; *Matter of White* v. *Harrell*, 236 App. Div. 206.) In the latter case the present Presiding Justice of this court said: " A ' budget ' be it National, State or city, is an estimate as to the probable expenditures to be incurred during the ensuing year, and of revenues hoped for with which to pay. The adoption by the council of the budget containing an item which makes available money to pay the salary of an official is not a determination that such an official is ' necessary for the proper administration of the city.' The budget is tentative. By economies, estimated expenditures may be diminished, and if diminished, the burden of taxation is lightened. The city, by making funds available, is under no greater obligation to expend that money, if the service is unnecessary, than a private individual is to purchase articles or employ help because he has money available for the purpose. * * * The adoption of the budget containing an estimate for sewer department expenses, including an estimate for an assistant engineer, did not create that position, and did not indicate that the council had determined that such an employee was necessary for the proper administration of the business of the city, but only made available funds to pay the salary, should such expenditure be found necessary."

A city budget is merely evidence of financial, not of legislative acts. (*People ex rel. Collins* v. *Ahearn*, 120 App. Div. 95.) The creation of the budget, the matters therein contained, and their readjustment are exclusively matters for the administrative officers of the city. (*People ex rel. Kelly* v. *Dooley*, 169 App. Div. 423.)

Upon adopting the optional city form of government the council of the city of Schenectady was empowered to create, rearrange and

abolish positions only by ordinance. (Laws of 1914, chap. 444, § 37.) The council may not act in these respects by mere resolution unless of course the resolution is passed with all the formalities required in the enactment of an ordinance. It cannot be seriously contended that the resolution adopting the budget in the instant case may be treated as an ordinance. It is neither so labeled nor was it adopted with the solemnities surrounding the enactment of an ordinance. The Second Class Cities Law (§ 35) provides that no ordinance shall be passed by the council on the same day in which it is introduced except by unanimous consent. After its passage every ordinance shall be separately engrossed (Second Class Cities Law, § 38) and recorded by the clerk in a book kept for that purpose. (Second Class Cities Law, § 39.) None of these requirements was observed in the adoption of the resolution before us.

The distinction between a resolution and an ordinance is that a *resolution* is an order of the council of a special and temporary character while an *ordinance* prescribes a permanent rule of government or conduct. (2 Dillon on Municipal Corporations [5th ed.], § 571.) It has also been said that an ordinance is a continuing regulation — a permanent rule of government, while a resolution is usually declared not to be the equivalent of an ordinance, but rather an act of a temporary character not prescribing a permanent rule of government, but is merely declaratory of the will of a corporation in a given matter and in the nature of a ministerial act. (43 C. J. 519.)

The statute before us makes it mandatory that an office be created or abolished only by ordinance. When a statute provides a mode of procedure for municipal councils designed to protect the citizens and taxpayers from hasty and ill-considered legislation or to enforce publicity in the actions of the council the mode of procedure thus prescribed must be strictly observed. Such statutory provisions constitute conditions precedent, and unless an ordinance or resolution is adopted in compliance with the conditions and directions thus prescribed it will have no force. (19 R. C. L. pp. 888, 889.)

When the statute requires that an act of a municipality be done in the form of an ordinance, or if such requirement is implied by necessary or clear inference, the act can only be done in that form, or perhaps its legal equivalent, and a resolution, especially if not adopted with all the formalities of an ordinance, is not sufficient. (2 Dillon on Municipal Corporations [5th ed.], § 572.) In McQuillin on Municipal Corporations ([2d ed.], vol. 2, § 514) it is said that " if the office is created by ordinance it can only be abolished by ordinance and not by resolution."

If the mode of the exercise of the power by a municipal corporation is not prescribed by statute the power may be exercised by resolution as well as by ordinance or order. Where, however, the statute prescribed that the method for exercising the power shall be by ordinance no other method than that so prescribed will suffice to give validity to the action of the municipal governing body. In such case neither a resolution nor a mere verbal motion will suffice. (43 C. J. pp. 250, 251.)

The sole issue presented on this appeal is whether or not petitioner's office was abolished. The pleadings concede that if the office has not been lawfully terminated then it is the duty of respondents to certify and audit payrolls for the payment of petitioner's salary.

From what has been said it follows that petitioner's office has never been legally abolished and the attempt to recreate it is, therefore, abortive. He has the legal title to the position and to the emoluments thereof.

The order of the Special Term should be reversed, with fifty dollars costs and disbursements, and the petitioner's application granted, with fifty dollars costs.

HILL, P. J., RHODES, McNAMEE and BLISS, JJ., concur.

Order reversed on the law, with fifty dollars costs and disbursements, and petitioner's application granted, with fifty dollars costs.