T. Paul Kane, J.
On October 16, 1962, the plaintiff, Town of Poestenkill, adopted a resolution granting the defendant Roman Sicho the right to construct and use a landing strip for light airplanes in connection with the operation of a proposed business establishment to be constructed on lands acquired by said defendant. The application was made pursuant to subdivision 2 of section 249 of the General Business Law and in this action plaintiff seeks a declaration that said statute empowers the plaintiff to restrict or regulate any extension, modification or enlargement of the limited use authorized by plaintiff’s resolution. In addition plaintiff seeks injunctive relief restraining other defendants from the operation of the expanded facili *192 ties now being conducted on the premises originally acquired by the defendant Roman Sicho.
The basic facts of the matter are not in dispute. On October 16,1962, defendant Roman A. Sicho applied to the plaintiff Town Board for authorization .to establish a landing strip and private airport in the town, pursuant to section 249 of the General Business Law. On that same day the plaintiff adopted the following resolution:
“ whereas, Roman Sicho has purchased a certain tract of land situated and lying between County Road #154 and County Highway 90 for the purpose of constructing an electronics production plant commonly noted as light industry and
‘ ‘ whereas, certain favorable plans for the construction and ground area have been presented to the Town Board this date for its consideration and
“whereas, there is included in said plans, ‘Landing Strip ’ for light planes which strip would be 3,000 feet in length and would service only private planes as used in the business herein-above mentioned and
“ whereas, approval of the Town Board is needed in order to have the said landing strip sanctioned by the State of New York and the Federal Aviation Authority and inspected by same,
“ how therefore, the said Town Board hereby expresses its approval contingent upon the construction of the electronics production plant and the air strip in accordance with all applicable rules and regulations of the State of New York and the Federal government.”
The electronics plant was constructed by the defendant Sicho Instruments, Inc., which thereafter leased a portion of the lands upon which the landing strip or private airport had been established to the defendant Sicho Aviation, Inc. and the latter leased the lands in question to the defendant Troy Air Park, Inc. Defendant Troy Air Park, Inc. is presently the main user of the airport and operates a flight training program at the airport location pursuant to a certificate issued by the Federal Aviation Agency authorizing operation of the flight training program.
The relief sought herein is a proper subject for an action for a declaratory judgment (People’s Dairy v. City of Lackawanna, 140 N. Y. S. 2d 455; Maguire v. Monaghan, 285 App. Div. 926; Dowsey v. Village of Kensington, 257 N. Y. 221).
The issue arises from the contention of the plaintiff that subdivision 2 of .section 249 expresses a twofold purpose, namely to grant the governing body of all municipalities some control over the establishment of private airports in their communities for the preservation of the public safety, health, welfare, com *193 fort and convenience, and secondly, for the purpose of requiring the municipalities to adhere to minimum spacing requirements between existing and proposed airports. It is the contention of the defendants, on the other hand, that this statute has a singular purpose; namely, to control the establishment of privately owned airports only insofar as spacing is concerned. Consequently, the plaintiff suggests that the subject statute provides for continuing controls and supervision by the municipalities, whereas the defendants interpret it to empower the municipalities only to grant or deny an application in the first instance, taking into consideration the spacing requirements set forth in subdivision 3 of section 249.
An examination of the legislative purpose set forth in subdivision 1 of section 249 is of considerable significance. It reads as follows:
“It is hereby declared that the uncontrolled establishment of an airport or landing field by private persons close to existing privately owned airports or to public airports heretofore or hereafter established under the provisions of article fourteen of the general municipal law, endangers the lives and ■ property of persons operating aircraft on or near existing privately owned or public airports and of occupants of land in their vicinity, and also tends to destroy or impair the utility of such airports and the investment therein. Accordingly, it is hereby declared as a matter of public policy: (a) that the establishment of a privately owned airport closer to existing airports than the radii defined in subdivision three of this section is a public nuisance and a hazard to the lives and property of the people and communities served by such airports; (b) that it is, therefore, necessary in the interest of the public safety, public health and general public welfare, that the establishment of such private airports be prevented.”
Being in derogation of common law, the entire statute must be strictly construed. Applying such a construction inclines the court to conclude that giving the statute its fullest effect, it only relates to permission for establishment of a landing strip or private airport. The plaintiff rests its case primarily upon the following language of subdivision 2: “No person shall * * * establish a privately owned airport except by authorization of the governing body of the * * * town within which such airport * * * is proposed to be established * * * and in accordance with the standards prescribed in subdivision three of this section ” (emphasis supplied).
The court does not concur with this cleavage of language suggested by the plaintiff since the twofold purpose developed there *194 from is singularly inconsistent with what the court considers to be the over-all legislative purpose.
An examination of the method by which the plaintiff approved the application is also significant. A resolution is merely declaratory of the will of the corporation in a given matter and is in the nature of a ministerial act (Matter of Collins v. City of Schenectady, 256 App. Div. 389). Defined in another manner, a resolution is an act of the governing body of a temporary nature and not a permanent rule of government designed to carry into effect matters subsequent to its passage (Kij v. Aszkler, 163 Misc. 63; Collins v. City of Schenectady, supra; Matter of Edgewood Ave., 195 Misc. 314, affd. 275 App. Div. 853). A resolution, therefore, could not be relied upon to grant the continuing control and supervision in the manner suggested by the plaintiff.
The court concludes, therefore, that the plaintiff is without authority, having approved the establishment of the subject landing strip or airport, to enjoin defendants through the vehicle of section 249 of the General Business Law. A judgment may enter accordingly.