Sol Waohtlbr, J.
This is an action brought by the plaintiff village to enjoin the defendants from using a stable located on their premises in a manner alleged to be in violation of the village Building Zone Ordinance.
*913 The defendants are the owners of approximately eight acres of property in the Village of Muttontown situated in a Residence A-l District. Article V, section 5.0 of the subject ordinance prohibits the use of such premises for business purposes. The ordinance further provides that a stable for the commercial boarding of horses may only be maintained when authorized as a variance or special exception by the Board of Zoning and Appeals subject to certain standards including a requirement that the parcel of property be at least 20 acres in area.
The proof adduced at the trial shows that the defendant, Louise Friscia, purchased the property in 1965. The stable was situated .on the property at the time it was acquired by the defendants and was used some years prior thereto for the training of race horses.
There is little variation in the proof as to the current activities of the defendants. Approximately 15 horses are stabled on the premises with all but 5 of these being owned by the defendants. The balance belong to students and are boarded for a fee. In addition, private riding lessons are also given by appointment and for a fee. The record shows that the defendants’ stable is not, in the true sense, open to the general public. They do not advertise nor do they promote the use of the stable as a commercial enterprise. In addition the evidence sustains defendants ’ contention that the stables are being operated at a financial loss. However, it is not necessary for an enterprise to be either extravagant in its nature or profitable in its operation to be considered a business.
The boarding and lesson fees collected by the defendants are deposited in the bank account of the corporate defendant and are used to defray the expenses of that corporation in maintaining its own horses and meeting other expenses such as mortgage interest and amortization. These expenses are deducted by the corporation for income tax purposes. It is the finding of this court that although the business operated by the defendants might be an extremely desirable one, conducted with great taste and to indulge a sportsman’s hobby, it is, nevertheless, a business prohibited by the subject ordinance.
Which presents the next question — the validity of the Building Zone Ordinance itself. It is the defendants’ contention, by way of an affirmative defense, that the subject ordinance which was adopted in 1932 is invalid in that the plaintiff village failed to comply with the requirements of section 179-a of the Village Law. This section reads in part: “ the board of trustees * * * shall appoint a commission to be known as the zoning commission to recommend the boundaries of the various original *914 districts and appropriate regulations to be enforced therein. Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report; and such board of trustees shall not hold its public hearings, or take action, until it has received the final report of such commission.”
The specific omission claimed by the defendants is that no public hearings were held by the Zoning Commission appointed pursuant to the article.
The plaintiff concedes that the minutes of the Trustees of the Village of Muttontown in and of themselves do not show literal compliance with each and every requirement of section 179-a. However, plaintiff does cite the minutes of the trustees ’ meeting held on December 7, 1931 as raising a presumption that such hearings were held. These minutes state: 1 ‘ The Clerk read a communication from Mr. Spencer O. Shotter as Chairman of the Zoning Commission of this Village, enclosing the final report of the said Zoning Commission embracing its recommendations in the form of a proposed zoning ordinance. The said report together with the minutes and records of the proceedings of said Zoning Commission were presented to the meeting. ’ ’
The court cannot agree that the language of these minutes raises any presumption beyond the fact that the report of the Zoning Commission, together with the minutes and record of the proceedings of the commission, were presented to the trustees. There is no mention of a public hearing having been held by the commission nor has evidence been presented that such a public hearing was in fact held.
The court also disagrees with the contention by plaintiff that there has been substantial compliance with section 179-a sufficient to sustain the validity of its zoning ordinance. In support of this argument, the plaintiff relies on the case of Village of Old Westbury v. Foster (193 Misc. 47) which is readily distinguished from the one at bar. That case concerned itself with the adequacy of the notice of hearing by the Zoning Commission and whether the commission filed the required preliminary and final reports. The court held, in effect, that inasmuch as the statute did not require a specific form of notice of hearing, the notice actually given was a substantial compliance with the section. That court also held that the provisions of the section make “ public hearings a required procedure ”.
Section 179-a unequivocably requires that the Zoning Commission hold public hearings. This mandate must be considered jurisdictional and a preliminary requirement to any action or *915 consideration by the Board of Trustees (Matter of Collins v. City of Schenectady, 256 App. Div. 389).
The law is a jealous mistress but never more so than when it is guarding the rights of the individual in the use of his own property. It is for this reason that the provisions of a statute which provide a mode of procedure to protect the individual from precipitous action on the part of a municipality must be rigidly adhered to. It is established law in this State that a zoning ordinance, which by its very nature is in derogation of an owner’s common-law right, must be strictly construed. (Matter of Monument Garage Corp. v. Levy, 266 N. Y. 339.) This strict construction by the courts is amply demonstrated by the most recent case in the Appellate Division, Second Department (Northern Operating Corp. v. Town of Ramapo, 31 A D 2d 822).
As a result of the failure to adhere to the procedural requirements of section 179-a of the Village Law, it must be held that the enactment of the section of the Building Zone Ordinance relied on by the plaintiff is invalid. The complaint is therefore dismissed. The court in view of the above has not considered the remaining points raised by counsel and makes no determination in regard thereto.
'Submit judgment on notice.
This constitutes the decision of this court pursuant to CPLR 4213.