Steven B. Derounian, J.
In this action to enjoin the defendants from using the stable on their premises, such use aEeged by plaintiff village to be in violation of the Village Zoning Ordinance, defendants’ motion for summary judgment dismissing the complaint is denied. 'Plaintiff’s cross motion to grant summary judgment in its favor and to dismiss the first affirmative defense contained in the amended answer is granted in part and denied in part, in accordance with the short-form order signed herewith.
Defendants’ property was, until 1954, located within the unincorporated area of the Town of Oyster Bay and subject to the zoning of that township. In 1954 the Village of Muttontown, a village incorporated prior to 1938 (in 1931), and having its own Zoning Ordinance since 1932, annexed the area which included defendants’ property, and zoned the annexed property, placing same in a ¡Residence A-l District. There is a stable located on defendants ’ property which was erected prior to the acquisition. Plaintiff alleges such use is not permitted in a Residence A-l District. Def endants allege that a building permit was obtained for this stable by a predecessor in title prior to incorporation and that a certificate of occupancy was issued by the Town of Oyster Bay in 1965.
Plaintiff Village of Muttontown commenced an action in February of 1968 seeking to enjoin the defendants from keeping, maintaining, operating and using certain buildings located on defendants’ eight-acre parcel (in some papers referred to as a five-acre parcel), located within the territorial limits of the Incorporated Village of Muttontown “as a stable for commercial boarding of horses, for hacking of horses or for providing commercial instruction in horseback riding in violation of the Building Zone Ordinance of the Incorporated Village of Muttontown as amended”.
*1016 Defendants, in their (amended) answer, raise the following substantial defenses: First, that the plaintiff village failed to comply with the requirements of the Village Law when enacting the Building Zone Ordinance, in that a zoning commission was not established nor were the necessary public hearings held; secondly, that plaintiff village does not have legal capacity to sue defendants, or zoning jurisdiction over the premises of defendants, in that section 1607 of the County Government Law of Nassau County (L. 1936, ch. 879, as amd. by L. 1937, ch. 618) provides that zoning jurisdiction of all lands not within the limits of an incorporated village having a valid zoning Ordinance on January 1,1938 shall remain vested in the town.
The parties have stipulated as follows: (1) Section 1607 of the County Government Law of Nassau County, generally referred to as the Nassau County Charter, provides as follows: “ Extension of zoning powers of towns. 'The powers now or hereafter conferred by law on any town or board or commission thereof with regard to the matters set forth in the preceding section shall also be exclusively exercised thereby within all portions of such town unincorporated as a village at the date on which this act becomes effective in the county, irrespective of the inclusion thereof in a village erected or incorporated after such date, and also within all territory situated in such town and in a village previously incorporated which at such date does not have a valid zoning ordinance. Such powers may also be exercised by any such town or the appropriate board or commission thereof by a two-thirds vote of such board or commission within all portions of the town within three hundred feet of any public navigable waterway, for the purpose of adopting a higher or more restrictive classification therefor.” (2) The date on which said section became effective was January 1, 1938. (3) The defendants’ premises were within the ^incorporated area of the Town of Oyster Bay on January 1,1938. (4) Defendants’ premises were not within or included in the Incorporated Village of Mutton-town on January 1, 1938. (5) Defendants’ premises were not included within or incorporated into the Incorporated Village of Muttontown until August 31,1954.
The third defense raised by defendants alleges the Village of Muttontown Ordinance to be arbitrary, capricious, discriminatory, unreasonable, without benefit to the community, etc., and, therefore, unconstitutional.
Finally, the defendants allege a valid nonconforming use, pleading the use complained of, commenced pursuant to a valid permit obtained from the Town of Oyster Bay by a predecessor *1017 in title to defendants, had been in existence for a long period of time, prior to the annexation.
There was a trial of the issues conducted before Mr. Justice Wachtleb, after which the court held that, as a result of the failure of the plaintiff village to adhere to the procedural requirements of section 179-a of the Village Law, it must be held that the enactment of the Building Zone Ordinance relied upon by plaintiff is invalid. The complaint was dismissed (58 Misc 2d 912). Mr. Justice Wachtleb, in view of this dismissal, gave no consideration in his decision to the remaining points raised by the parties (including the reference to section 1607 of the County Government Law of Nassau County) and made no determination with regard thereto.
■Subsequent to this decision, plaintiff located the original records of the Village of Muttontown relativé to the adoption of the Zoning Ordinance (which records were not available at the trial) in the cellar of the office building occupied by general counsel for the plaintiff village. (In view of section 82 of the Village Law, the court finds this to be a rather strange locus.) These records purport to establish that a zoning ordinance was duly adopted by the Village of Muttontown on June 6, 1932 and was revised from time to time since. Plaintiff thereupon moved to set aside the decision of Mr. Justice Wachtleb (which decision did not touch upon the subject matter of defendants’ motion) on the basis of newly discovered evidence, i.e., missing village records. Mr. Justice Wachtler, by a short-form order on March 26, 1969, set aside his decision (58 Misc 2d 912, supra) and directed a new trial to be held. All of which brings us to the instant action and defendants’ motion for summary judgment dismissing the complaint, and plaintiff’s cross motion.
Defendants contend that the issues have 'been refined to one, and that, a pure question of law, i.e., does the Town of Oyster Bay or the plaintiff Village of Muttontown have zoning jurisdiction over the defendants’ premises 1 . Defendants urge that section 1607 of the County Government Law of Nassau County is determinative of this question and, therefore, the issues can be decided on the pleadings and without need for a trial, or any pretrial proceedings, such as a bill of particulars, or examination before trial (which have been held in abeyance pending a determination of this motion).
Section 1607 of the Nassau County Government Law (L. 1936, ch. 879) was submitted to and adopted by the electors of Nassau County, including the voting population of plaintiff village, at the general election of 1936 and thereafter became effective as a general law January 1, 1938.
*1018 There is agreement between the parties (1) that the defendants’ property was not located within the territorial limits of the Incorporated Village of Muttontown at the time of the adoption of section 1607 of the County Government Law of Nassau County; and (2) that it was thereafter annexed to the Incorporated Village of Muttontown on August 31, 1954.
Plaintiff alleges that it acquired zoning jurisdiction over defendants’ premises when the annexation became effective and that section 1607 of the County Government Law, as adopted and amended, does not deprive the Village of Muttontown, incorporated prior to January 1, 1938 with a valid zoning ordinance enacted prior to January 1, 1938, of such zoning jurisdiction and control over annexed property.
Defendants pinion there motion on section 1607 of the County Government Law of Nassau County, and this presents a.novel question of law.
Whereas the decision rendered in Incorporated Vil. of Atlantic Beach v. Town of Hempstead (47 Misc 2d 29, revd. 27 A D 2d 556, affd. 19 N Y 2d 929) upheld the constitutionality of section 1607 insofar as that section deprives villages in Nassau County incorporated after January 1, 1938 from obtaining zoning powers at the expense of the towns, said decision is not determinative of the issue herein which relates to annexation. None of the cases cited by either counsel is determinative of the specific issue raised by this motion, i.e., the applicability of section 1607 to annexed property. Research has not revealed any judicial construction of the effect, if any, of section 1607 of the County Government Law of Nassau County on zoning of property annexed to a village, such as Muttontown, which qualifies for the saving provision of section 1607, i.e., one incorporated prior to January 1, 1938 with a valid zoning ordinance.
Annexation is “ an adding to process ” not a “ creative process ”. It is an enlargement of that which pre-exists and the Legislature in enacting section 1607 of the County Government Law of Nassau County properly included a saving clause to protect pre-existing municipal structures in Nassau County as a class. No regulatory language with respect to annexation was included in said section. If a limitation had been included, the effect would have stultified the annexation process and diminished the broad grant of power set forth in the Village Law, legislated to protect the sovereign administration of local government, including zoning, within the jurisdictional limits of an incorporated village.
*1019 Section 1607 of the County Government Law of Nassau County makes specific reference to those municipal entities “ erected or incorporated ” after January 1, 1938. The critical language in section 1607 of the County Government Law of Nassau County is found in the following underscored words — “ irrespective of the inclusion thereof in a village erected or incorporated after such date It is worthy of note that the legislative body, when enacting section 1607 of the County Government Law of Nassau 'County did not then, nor has it in the intervening 31 years since the original enactment, enacted amendatory legislation touching upon the issue of zoning annexed land.
The absence of explicit language in section 1607 regarding annexation is, in the court’s opinion, a recognition of the fact that an extension of the application of section 1607 of the County Government Law of Nassau County to delegate zoning power to a town over after-acquired land '(added to a village protected by the saving clause in section 1607) would be a violation of the integrity of the vested village zoning powers which the Legislature protected. If such legislation had been enacted, this court is of the opinion it would be an unlawful limitation upon the exclusive zoning powers of a village (Village Law, art. 6-a, § 175) incorporated before 1938, with a zoning ordinance. The incongruous and confusing result of dual zoning control by town and village over such annexed property within a village supplies the apparent answer as to why the Legislature did- not touch on annexation. Moreover, section 1606 of the County Government Law of Nassau County clearly demonstrates the intent of the Legislature to respect the zoning sovereignty of those villages which existed with their own zoning ordinance prior to January 1, 1938, section 1607 notwithstanding. Section 1606 reads in part as follows: “ Zoning powers of towns, cities and villages continued subject to master plan. Except as otherwise provided in this act, the laws of this state as they now are or may hereafter be conferring on towns, villages and cities and the officers, boards and commissions thereof, powers with regard to the regulation and restriction of the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes shall remain in force in such towns, villages and cities
*1020 For the reason that plaintiff may overly rely upon the 11 saving clause ’ ’ in section 1607, the court emphasizes that the protection afforded plaintiff by such clause does not carry with it the destruction of nonconforming uses. The village opposes the defense of section 1607 of the County Government Law of Nassau County and marches into this fray holding aloft a banner inscribed “.Section 1607, County Government Law of Nassau County, does not apply to Muttontown. ” The court agrees with this position. However, the village must acquire such property subject to its burdens, which may include established nonconforming uses such as defendants allege. The residents in the area annexed, who have validly exercised their respective property rights in reliance on the zoning authority of the town government, should not, under our system of government, be made the pawn between the town board and the village board as respects the past and present zoning. The village, having reached out and voluntarily acquired an area, does so like the bridegroom taking a wife, “for better or for worse ”, until such time as the prior vested rights are validly extinguished by action on the part of the vested property owner or other due process. Likewise, somewhat analogous to the role of a parent who surrenders all control over a child given up on adoption, the town, through the process of annexation, surrenders its control, including zoning discipline, over an area annexed to a village protected by the saving clause of section 1607 of the County Government Law of Nassau County. Apropos of this, it is interesting to note that neither party to this action has sought the intervention of the Town of Oyster Bay, nor has the Town of Oyster Bay itself intervened in this action.
The silence of the Legislature as respects annexation creates no unsolvable problem, for property owners swept up in an annexation can rely on the fact that when land subject to zoning regulations of one municipality is annexed to another, absent a statutory provision which dictates another result, the regulations of the former no longer apply. The annexed land is received as unzoned property. This is not to say that vested nonconforming uses are sacrificed in the process, for this would do violence to the constitutional protection against loss of property right without due process. Nonconforming uses established prior to annexation are protected in the same manner and to the same extent as is true of nonconforming uses established in the annexing municipality. An occupancy permit properly issued prior to annexation of the property to which it applies is not rendered invalid by annexation to a municipality which proscribes the use for which the permit was granted (Long *1021 Is. Univ. v. Tappan, 202 Misc. 956, affd. 281 App. Div. 771, affd. 305 N. Y. 893, rearg. den. 306 N. Y. 570), but issuance of an occupancy permit cannot be compelled if the use has not commenced prior to annexation.
Absent legislation to the contrary, annexed property stands thereafter subject to the same burdens and entitled to the same benefits (including the protection afforded a nonconforming use) as any other property within the annexing corporation.
The defendants have alleged in the affidavit of Louise Friscia dated June 9,1969, attached to the moving papers, that the Town of Oyster Bay issued a certificate of occupancy for the stable in question in 1965. Whether this ministerial act of the Town of Oyster Bay on that date was within the scope of its authority, or beyond same, is not presently subject to review by this court. That fact, if proven (no certificate of occupancy attached as an exhibit), may have some relevancy on the issue of a nonconforming use, if and when that is tried.
Nothing contained in the foregoing decision is determinative of the remaining issues raised by the pleadings relating to constitutionality, unreasonableness, and the allegation of a vested nonconforming use, etc.
The parties are directed to proceed expeditiously with pretrial proceedings so that the substantive issues remaining to be resolved after this decision may be tried promptly.