Edward M. Saltzman, Esq. Corporation Counsel, Port Chester
You have asked several questions about section 1640-a of the Vehicle and Traffic Law, which authorizes cities and villages by local law or ordinance to enact traffic regulations applicable to the parking areas and driveways of hospitals, shopping centers, private apartment complexes, fire stations and condominiums.
First, you ask whether these traffic regulations may be enacted by resolution. When an act of the Legislature requires that a local action be taken by local law or ordinance, the action can be taken only in that form and may not be accomplished by resolution (Collins v City ofSchenectady, 256 App. Div. 389, 392 [3d Dept, 1939]). Since section 1640-a authorizes enactment of traffic regulations only by local law or ordinance, they may not be enacted by resolution.
Second, if a local law or ordinance is required, you ask whether the areas where the traffic regulations are to apply may be designated by resolution. An ordinance or local law is distinquished from a resolution by the greater formality required for its enactment including notice, hearing and publication requirements (Jewett v Luau-Nyack Corp.,31 N.Y.2d 298, 305 [1972]; Municipal Home Rule Law, §§ 20, 27; Town Law, §§ 130, 133). Local laws and ordinances prescribe general, uniform, and permanent rules of conduct relating to the corporate affairs of the municipality (McQuillin, Municipal Corporations, 3d Edition, § 15.01). Ordinances and local laws are continuing regulations constituting permanent rules of government (Collins v City ofSchenectady, supra, p 392). The passage of an ordinance or local law is a legislative act (McQuillin, supra). A resolution deals with matters of a temporary or special nature, where the action taken generally involves findings of fact and may be characterized as administrative (Jewett vLuau-Nyack Corp., supra, p 306). Stated broadly, all acts done by a municipal corporation in its ministerial capacity and for a temporary purpose may be put in the form of a resolution, while matters upon which municipalities desire to legislate must be put in the form of local laws or ordinances (McQuillin, supra, § 15.02). Once a municipality has enacted an ordinance or local law establishing regulations, it may act in specific instances to carry out the regulations by resolution (Jewett vLuau-Nyack Corp., supra, p 306).
Section 1640-a of the Vehicle and Traffic Law authorizes the enactment of traffic regulations, upon the request of the owner or person in charge of the establishments listed therein. In contrast with traffic regulations applicable throughout a municipality, section 1640-a authorizes regulations for specific areas. The determination of the area and the regulations tailored therefor are the crux of the legislative act. The designation of the area is not administrative or ministerial detail of a temporary nature that may be accomplished by resolution. It is at the heart of the legislative act and must be done by local law or ordinance under section 1640-a.
Finally, you ask whether traffic regulations may be enacted for areas other than shopping centers. Section 1640-a by its express terms authorizes enactment of traffic regulations for shopping centers, hospitals, apartment complexes, condominiums and fire stations.
We conclude that a city or village, when requested, by local law or ordinance may establish traffic regulations for hospitals, shopping centers, apartment complexes, condominiums and fire stations.