Jones, J.
We hold that positions in Erie County government established by the County Charter and the Administrative Code cannot be abolished by the County Legislature by striking salary appropriations for such positions from the budget submitted by the County Executive.
As members of the Erie County Legislature and as citizen-taxpayers, petitioners initiated this litigation by submission to the Appellate Division of a controversy on an agreed statement of facts under CPLR 3222, presenting several questions relating to various items involved in the 1977 Erie County budget. Those questions were resolved by the judgment entered in the court below, only one ordering paragraph of which is before us for review on this appeal taken by petitioners by leave of this court. That paragraph provides that the 1977 budget "shall not include the positions of Deputy County Executive, Deputy Commissioner of Public Works-Buildings and Grounds, Deputy Director of Purchasing, Deputy Commissioner-Recreation, County Forester and Commissioner of Environmental Quality.”[1] As to the first five positions, the question is whether the Appellate Division correctly directed that they not be included in the 1977 Erie County budget in consequence of certain action taken by the County Legislature.
The submission of controversy agreed to by the parties, as amended by their conduct and oral stipulation on argument,[2] discloses the following: On July 19, 1976 the Erie County Executive submitted to the County Legislature his tentative budget for 1977, which included an item for salary for each of the positions in question. On November 10, 1976 the County *233 Executive submitted an unofficial amended tentative budget containing the same salary items. On November 30, 1976, following receipt of a report from its budget committee, the County Legislature adopted an amended budget from which it had excised each of the five salary items for the positions here involved. Appellants, the County Executive, the Commissioner of Finance and the Director of the Budget Division in the office of the County Executive, contend that the deletions were invalid and ineffective, as the County Executive advised the County Legislature in a letter dated December 6, 1976. We agree.
Each of the five positions in question was expressly created by one or more provisions either of the County Charter or of the Administrative Code enacted to set forth the details of county government in harmony with the charter (Deputy County Executive—Erie County Charter, §§ 304, 309; Deputy Commissioner of Public Works-Division of Buildings and Grounds—Erie County Administrative Code, §§ 10.01, 10.04; Deputy Director of Purchasing—Erie County Administrative Code, § 3.06, subd a; Deputy Commissioner-Recreation—Erie County Administrative Code, § 7.01, subd [b]; County Forester —Erie County Administrative Code, § 7.04). Both the charter and the Administrative Code may be amended by a local law only (Erie County Charter, § 2002; Municipal Home Rule Law, § 2, subd 9; § 33, subd 1; § 32, subd 2; Erie County Charter, § 202, subd c; Erie County Administrative Code, § 20.01). A local law is subject to an initial veto by the County Executive and may not receive approval by him until a public hearing thereon has been held before him (Erie County Charter, § 205; Municipal Home Rule Law, § 21). The adoption of the county budget, however, is effected by action of a majority of the County Legislature, as to which the County Executive may exercise a veto with respect to increases made over the tentative budget by the County Legislature but not with respect to legislative decreases (Erie County Charter, § 1803).[3]
In the present case, the County Legislature’s omission of salary items for the five positions (representing a decrease in the budget), unlike a local law enacted by the same body, could not be vetoed by the County Executive. The check and balance assured by the right of veto in the elected executive *234 is, however, basic to our traditional governmental polity. Thus, the adoption of a budget without an appropriation for the offices in question was not, in terms of the required procedures, the legislative equivalent of the adoption of a local law amending the County Charter and Administrative Code to eliminate the positions. It was therefore ineffective to accomplish what would in fact have amounted to an amendment of the charter and code by abolishing offices there created. As this court recognized in Matter of Moran v La Guardia (270 NY 450, 452) (addressing a change authorized by State statute with respect to the salary of an office in local government): "To repeal or modify a statute requires a legislative act of equal dignity and import. Nothing less than another statute will suffice.” The principle applies to the abolition of public offices. (3 McQuillin, Muncipal Corporations [3d ed], § 12.121: "But an office created by charter cannot be abolished by ordinance. Nor can an office created by statute or ordinance be abolished by mere resolution, or by mere declaration. If the office is created by ordinance it can only be abolished by ordinance and not by resolution.”) The doctrine of legislative equivalency has uniformly been applied with respect to the abolition of offices in local government (Matter of O’Rourke v Graul, 261 App Div 87, affd 285 NY 755 [abolition of a position created by city resolution]; Timpano v Hanna, 77 Misc 2d 874, affd 44 AD2d 912 [refusal to fund positions created by city ordinance]; Matter of Collins v City of Schenectady, 256 App Div 389 [abolition of office created by city ordinance]).
Respondents’ reliance on section 204 of the County Law is misplaced. That section provides, insofar as pertinent: "In addition to those positions of employment specifically provided by law, the board of supervisors shall have power to establish positions of employment and may abolish the same. The establishment and abolition of such positions may be by local law, by resolution or by the adoption of the budget.” It is respondents’ contention that the reference to positions "provided by law” relates only to positions created by general State law, and that inasmuch as the positions here involved were created by charter and Administrative Code rather than general law, the County Legislature could exercise the authority to abolish these positions granted it under section 204. To this argument, several answers can be made. First, it is not clear that "provided by law” does not embrace provisions of *235 charter and code as well as those of general law. Second, even if the interpretation of the introductory phrase urged by respondents be accepted, we do not read section 204 as authorizing or contemplating the abolition of offices other than by action which is the legislative equivalent of that by which the offices were established. We read the statute as importing the general doctrine of equivalency of legislative action. In the third place, however, even if all of respondents’ arguments as to the interpretation of section 204 were to be accepted and the section were then to be read in effect as authorizing the abolition of a position created by charter or code by means of the adoption of a budget carrying no appropriation for the position, respondents would still fail in their attempt to sustain the legislative action as effective to abolish the positions here at issue. Inasmuch as charter and code amendment may be accomplished only by local law, there would be an inconsistency between charter and code on the one hand and the County Law on the other. In such a circumstance the County Law itself provides that "unless a contrary intent is expressly stated”—and none is to be found in section 204—if there is a conflict between the provisions of the County Law and those of any local charter or Administrative Code, the provisions of the County Law shall not be applicable (County Law, § 2, subd [b]; § 1001, subd [3]).
Similarly, we reject the contention that the positions in question—expressly created as they are by the County Charter or Administrative Code—fall within the ambit of particular code provisions which condition the authority to create offices on appropriations being made therefor by the Legislature. A distinction must be made between the nonspecific "deputies, other officers and employees”, which heads of administrative units may appoint under subdivision d of section 3.09 of the Erie County Administrative Code within appropriations, and those offices particularly defined and described by the charter or other provisions of the code.
In the terms of the controversy submitted by the parties, petitioners are not entitled to the judgment rendered by the court below directing that the five subject positions not be included in the 1977 Erie County budget. The judgment, insofar as appealed from, should therefore be reversed, without costs, and the case remitted to the Appellate Division for judgment in accordance with this opinion.
*236 Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Judgment, insofar as appealed from, reversed , etc.

. As agreed by the parties, all questions as to the last-named position—Commissioner of Environmental Quality—have become moot and it will therefore not be considered further.

. While the submission in form requested only a determination as to the first three of the five described positions, it appears that the parties have proceeded throughout on the assumption that all five positions are properly in issue and have addressed them all in their arguments and briefs before us.

. As to both local laws and budget increases an executive veto could be overriden by a vote of two thirds of the members of the Legislature (Erie County Charter, §§ 205, 1803, subd c).