Hon. Stephen J. Wing Dutchess County Attorney
You have requested our opinion upon the following two questions:
 "1. Must a salary resolution be adopted before positions set forth in the 1980 Budget may be deemed to be lawfully established?
 "2. Must a salary resolution be adopted before funds validly appropriated in the Budget for salaries for said positions may be expended for that purpose?"
Accompanying your opinion request were copies of the following:
A. The Dutchess County Charter;
 B. Articles I and XIX of the Administrative Code of the County of Dutchess;
 C. The 1980 Tentative Budget of the County of Dutchess;
 D. Resolutions Nos. 564 and 565 for the Year 1979 of the County of Dutchess, the Budget Resolutions relating to the Tentative Budget, adopting the same with some changes;
 E. Veto message, dated November 30, 1979, by the County Executive, vetoing certain lines in Resolution No. 564 with attachment consisting of a letter from John E. Mack, dated November 20, 1979, addressed to the Chairman of the Dutchess County Legislature;
 F. Resolution No. 610 for the Year 1979 of the Dutchess County Legislature, designated "Salary Resolution for the Calendar Year 1980";
 G. Veto message, dated December 31, 1979, by the County Executive, vetoing the Salary Resolution;
 H. Your legal opinion of December 31, 1979, addressed to the Chairman of the Dutchess County Legislature, concluding that the omnibus Salary Resolution has no effect upon the Budget and concluding that the county officers and employees should be paid as provided in the Budget;
 I. Memorandum, dated January 2, 1980, to the Chairman of the Dutchess County Legislature from the County Comptroller, stating his objection to certifying salaries because the omnibus Salary Resolution had been vetoed.
The enclosures indicate that the usual Appropriation Resolution required by the Dutchess County Administrative Code § 19.08 and County Law § 360 subd. 2 has been adopted.
We agree with the conclusion reached in your legal opinion of December 31, 1979.
Article II of the Dutchess County Charter relates to the County Legislature. In section 2.02, it is provided, in part:
"Section 2.02. Powers and Duties * * *.
* * *
 "(e) establish or abolish positions of employment and the titles thereof, as provided by law;
* * *
 "(g) fix by resolution the compensation of all County officers and employees except members of the judiciary;
* * *" (emphasis supplied).
The expression "as provided by law" refers, at least in part, to County Law § 204 which provides, in pertinent part, as follows:
 "In addition to those positions of employment specifically provided by law, the board of supervisors shall have power to establish positions of employment and may abolish the same. The establishment and abolition of such positions may be by local law, by resolution or by the adoption of the budget."
The Salary Resolution (No. 610) is an omnibus resolution covering all positions and salaries appearing in the County Budget as approved by resolutions Nos. 564 and 565 before the line item veto of a part of the Budget so that in certain respects the Salary Resolution differs from the provisions contained in the Tentative Budget as to some positions and salaries.
The County Comptroller has taken the position that because the Salary Resolution was vetoed he has no authority to certify salaries even though the salaries for the positions were established by and the positions themselves were specifically mentioned in the Budget as finally passed and effective.
The Dutchess County Charter and the Administrative Code of the County of Dutchess require the adoption of an annual budget. Article XIX of the Code goes into great detail as to what the Budget shall contain and how it is to be adopted and how taxes are to be levied to provide the necessary money. County Law § 350 requires all counties outside of New York City and certain counties with a charter passed by the State Legislature and adopted by the county residents at a referendum to adopt an annual budget and County Law Article 7 (§§ 350-381) goes into great detail as to what the budget shall contain and how it is to be adopted and how taxes are to be levied to provide the necessary money. Thus the two laws (Dutchess County Administrative Code and County Law) contain similar provisions for adoption of a budget and the appropriation resolution to raise by tax the money to operate the county government.
Neither the Dutchess County Charter, the Administrative Code of the County of Dutchess nor the County Law requires an omnibus Salary Resolution. Indeed, such a thing is not even mentioned in those laws. We see no purpose to be served by such an exercise in legislation.
The elaborate budgetary procedures set up by law grant the County Executive a line item veto on budget items. To override a veto requires a 2/3 vote of the County Legislature. In the present instance, through use of the omnibus Salary Resolution which differs from the Budget as adopted, the County Legislature would have overridden the line item vetoes by a simple majority vote. However, the County Executive vetoed the omnibus Salary Resolution.
An omnibus Salary Resolution has no significance in Dutchess County and consequently the veto can relate only to the resolution. The Budget, as adopted, and the Appropriation Resolution, are the activating and controlling factors.
The Courts have been zealous to preserve the rights of officers and employees of municipalities to their positions and salaries. Matter ofCollins v City of Schenectady, 256 App. Div. 389 (1939) held that a position created by ordinance could not be abolished by failure to include that position and its salary in a city budget adopted by resolution.Matter of Gallagher, et al. v Regan, et al., 42 N.Y.2d 230 (1977) held that positions in the Erie County government established by the County Charter and the Administrative Code cannot be abolished by the County Legislature by striking salary appropriations for those positions from the Budget which had been submitted by the County Executive. County ofOntario v Faculty Association, etc., 56 A.D.2d 189 (1977) held that where a contract had been entered into to engage a person for one year at a stated salary, the County could not lower the salary unilaterally through a budget change.
The thrust of these cases is that a municipality cannot use the budgeting process to abolish a position that has been created or protected by a separate and unchanged authorization. By analogy, a municipality cannot attempt to "amend" the budget by a subsequent resolution not directly amending the budget. In other words, positions and compensation rates established by a budget in many circumstances may be abolished or the compensation changed by a direct amendment of the adopted budget; this cannot be done by a resolution that purports simply to establish a table of organization and a compensation schedule.
The Budget as adopted in Dutchess County is in force and effect. The omnibus Salary Resolution is of no force and effect and is a nullity and would have been a nullity even if it had not been vetoed. Any other conclusion would mean that the line item veto power given to the County Executive by the people of the county in relation to the Budget would be meaningless and a Budget veto in effect could be ignored by a simple majority vote which, if vetoed in its term, would result in no county government services.
In our opinion, in response to your two questions:
 (1) It is not necessary that a Salary Resolution be adopted before positions set forth in the 1980 Budget as finally adopted may be deemed to be lawfully established;
 (2) It is not necessary that a Salary Resolution be adopted before funds validly appropriated in the Budget for salaries for the positions may be expended for that purpose.