JOSEPH V. POILLUCCI, as Chairman of the Dutchess County Legislature, et al., Plaintiffs, v LUCILLE P. PATTISON, as Dutchess County Executive, Defendant.

Second Department, August 29, 1983

APPEARANCES OF COUNSEL

*Benson & Cappillino* (*Michael W. Kirshon* and *James D. Benson* of counsel), for plaintiffs.

*Stephen J. Wing, County Attorney,* for defendant.

OPINION OF THE COURT

LAZER, J. P.

This is an action brought on a submission of an agreed statement of facts pursuant to CPLR 3222 for a declaratory judgment as to whether it is necessary for the Dutchess County Legislature to adopt a salary resolution before positions included in the annual adopted budget of the county are deemed to be lawfully established and the County Comptroller is authorized to pay salaries to the persons occupying those positions.

We conclude and declare that the adoption of the annual county budget, pursuant to the procedures set forth in article XIX of the Dutchess County Administrative Code, is sufficient to lawfully establish positions within the county government and to authorize the payment of salaries for those positions. Once established via the budget

process, those positions cannot be abolished by mere adoption of a salary resolution inconsistent with the budget.

The action derives from a stalemate between the Dutchess County Legislature and the County Executive over the inclusion of certain positions in the 1980 county budget. In November, 1979 the County Executive presented the 1980 tentative budget to the County Legislature pursuant to section 19.05 of the Dutchess County Administrative Code (Administrative Code). This tentative budget, which included in a line-by-line format the salary for each position or classification of positions in the county government, provided for the creation of new positions, including a second assistant to the County Executive and 64 deputy sheriffs. After the required public hearing and review process, the County Legislature made several modifications to the tentative budget, including deletion of the position of second assistant to the County Executive and the new deputy sheriff positions, and returned it to the County Executive (Administrative Code, § 19.07, subds [a], [b]). The County Executive vetoed the mentioned deletions and the Legislature failed to override this veto. Thereafter, pursuant to subdivision (c) of section 19.07 of the Dutchess County Administrative Code, the county budget adopted for fiscal year 1980 contained the new positions as originally proposed by the County Executive.

On December 27, 1979, the County Legislature adopted Resolution No. 610 of 1979 entitled, "Salary Resolution for Calendar Year 1980", which listed all of the positions for county employees, by department, citing the number of positions, title, grade and range of salary for each position. The preamble to the resolution stated its purpose, in pertinent part, as follows, "to codify the salary of the officers, officials and employees of Dutchess County to fix the amount, time and manner of payment of salaries or compensation of County officers, officials and employees as the same is established in the 1980 Adopted County Budget". The County Legislature, and, before it, the board of representatives and the board of supervisors, had adopted similar resolutions each year since 1941. Resolution No. 610 of 1979 conflicted, however, with the 1980 adopted budget since the salary resolution did not include the positions of

second assistant to the County Executive nor the additional deputy sheriff positions, as well as salary increases for certain managerial employees. In short, the salary resolution passed by the County Legislature excluded all of the items which that body had failed to delete from the tentative budget submitted by the County Executive by failing to override her veto.

The County Executive vetoed the salary resolution on December 31, 1979, on the ground that it deviated from the adopted budget. The County Legislature failed to override the veto by the required two-thirds majority and the legislative resolution did not take effect. The County Comptroller, who is required to approve the payroll before any salary payments are made to county employees, refused to do so in the absence of an approved salary resolution. Thus, the county faced the prospect of being unable to pay its employees and of ceasing its operations until the stalemate between the legislative and the executive branches could be resolved. After a second attempt by the County Legislature to pass a similar salary resolution failed when it was, again, vetoed by the County Executive, the parties agreed to resolve the conflict by submission on an agreed statement of facts pursuant to CPLR 3222. After reserving their rights to seek court resolution of the issue of the source of authority for establishing and funding positions in the county government, the County Legislature adopted, and the Executive approved, a salary resolution for 1980 which conformed to the 1980 adopted budget, except to the extent that it did not establish the position of second assistant to the County Executive.

Section 2.02 of the Dutchess County Charter empowers the County Legislature to

"(a) make appropriations, levy taxes, incur indebtedness and adopt the County budget * * *

"(e) establish or abolish positions of employment and the titles thereof, as provided by law [and] * * *

"(g) fix by resolution the compensation of all County officers and employees except members of the judiciary".

There are no provisions in the county charter or Administrative Code which specifically require the passage of a

salary resolution by the County Legislature in order to establish a position. The operations of the Dutchess County government are controlled by the Dutchess County Charter, the Administrative Code and the relevant provisions of the County Law to the extent that the latter provisions are not inconsistent with the county charter and the Administrative Code (County Law, § 2, subd [b]). Section 204 of the County Law empowers the legislative body of a county government to establish and abolish positions of employment and provides: "The establishment and abolition of such positions may be by local law, by resolution or by the *adoption of the budget*" (emphasis supplied). Therefore, the adoption of the county budget, alone, without the legislative salary resolution, was sufficient to establish the positions in question. (See *Matter of Terrible v County of Rockland,* 81 AD2d 837; *Matter of Henry v Noto,* 74 AD2d 604, mod on other grounds 50 NY2d 816; *County of Ontario v Faculty Assn. of Community Coll. of Finger Lakes,* 56 AD2d 189.)

Section 205 of the County Law and subdivision (g) of section 2.02 of the Dutchess County Charter also empower the County Legislature to fix the compensation of all county officers and employees, except members of the judiciary. Those provisions of the County Law and the charter, however, should be construed in a manner which harmonizes the various provisions of the County Law, the Dutchess County Charter, and the Administrative Code, including article 7 of the County Law and article XIX of the Administrative Code which prescribe, in detail, the procedures for the adoption of the county budget. (See *Matter of Anderson v Board of Educ.,* 46 AD2d 360, 364-365, affd 38 NY2d 897.) The county budget lists, in a detailed line-by-line format, the funds to be allocated for the salaries for each of the employees, or groups of employees with the same title, within each of the departments of the county government, in a manner which is duplicated by the salary resolution passed by the County Legislature (see Administrative Code, § 19.04). Subdivision (c) of section 19.07 of the Administrative Code authorizes the County Executive to exercise veto power with respect to each of the modifications made by the County Legislature

to the line items in the budget. When dealing with the salary resolution, however, the County Executive was only able to exercise her general veto power with respect to the entire resolution thus compelling her to reject items which accorded with the adopted 1980 budget as well as those which were deleted by the Legislature (Dutchess County Charter, § 3.02, subd [i]). By refusing to authorize the payment of salaries for the incumbents occupying the new positions included in the adopted budget, the salary resolution passed by the County Legislature purported to abolish those positions (see *Matter of Henry v Noto, supra*) and when the comptroller of the county refused to pay the salaries of the deleted positions their *de facto* abolition was effectuated.

Pursuant to the doctrine of "legislative equivalency", which was read into section 204 of the County Law by the Court of Appeals in *Matter of Gallagher v Regan* (42 NY2d 230, 235), the new positions established and funded via the budgetary process may not be extinguished by the legislative adoption of a salary resolution that provides the County Executive with a lesser degree of checks and balances than she may exercise through the line item veto power applicable to the budgetary process. Positions in the county government may be abolished only by a legislative act which is at least the legislative equivalent of the act establishing those positions (see *Matter of Gallagher v Regan, supra; Matter of Henry v Noto, supra*). In order to prevent the County Executive from filling new positions authorized under the budgetary process the County Legislature would have to create a process at least as onerous as the budgetary process to override the County Executive's veto. The sensible alternative, of course, is an amendment to the county charter or Administrative Code which would modify the Executive's veto power with respect to a line item in the budget.

Finally, we note that the County Law and the Dutchess County Administrative Code specifically require the County Legislature to make appropriations and to pass resolutions to levy taxes in accordance with the adopted budget (see County Law, § 360, subds 2, 3; § 361; Administrative Code, § 19.08). All expenditures by the county

government must be made in accordance with appropriations made through the budgetary process (County Law, § 362, subd 3; Administrative Code, § 19.12, subd [a]). The obvious intent of the framers of those statutory and regula-. tory provisions was to provide for consistency and finality in the budgetary process under which positions are established and funded. That clear intent would be frustrated if this court were to interpret the county charter and Administrative Code as granting authority to the County Legislature to nullify the effect of the budgetary process by adopting salary resolutions inconsistent with the budget.

MANGANO, THOMPSON and GULOTTA, JJ., concur.

In an action commenced pursuant to CPLR 3222, it is declared that the adoption of the annual Dutchess County budget is sufficient to lawfully establish positions within the county government and to authorize the payment of salaries for those positions, and that such positions cannot be abolished by the adoption of a salary resolution which is inconsistent with the budget.

No costs are awarded.