■ ROCKLAND PROPERTIES CORP., Respondent, v TOWN OF BROOKHAVEN, Appellant. (Matter No. 1.) In the Matter of ROCKLAND PROPERTIES CORP., Petitioner, v TOWN OF BROOKHAVEN et al., Respondents. (Matter No. 2.) ROCKLAND PROPERTIES CORP., Respondent, v TOWN OF BROOKHAVEN et al., Appellants. (Matter No. 3.) In the Matter of ROCKLAND PROPERTIES CORP., Respondent, v TOWN OF BROOKHAVEN et al., Appellants. (Matter No. 4.) [612 NYS2d 673] —In two actions for declaratory judgments, and in two related proceedings pursuant to CPLR article 78, which were joined for trial only, (1) the Town of Brookhaven, the Town Board of the Town of Brookhaven, the Planning Board of the Town of Brookhaven, the Town Clerk of the Town of Brookhaven, and the Department of Planning, Environment, and Development of the Town of Brookhaven,

appeal from so much of an order of the Supreme Court, Suffolk County (Luciano, J.), dated April 1, 1991, as denied their motion to dismiss Matter Nos. 3 and 4 for failure to state causes of action, (2) the Town of Brookhaven also appeals, from so much of the same order as purportedly granted the plaintiff's motion for summary judgment in Matter No. 1, and (3) the Town of Brookhaven appeals from an order of the same court, dated April 12, 1991, which granted the plaintiff's motion for partial summary judgment in Matter No. 1 declaring that the rezoning of the plaintiff's property was invalid.

Ordered that the Town of Brookhaven's appeal from so much of the order dated April 1, 1991, as purportedly granted the plaintiff's motion for summary judgment in Matter No. 1, is dismissed on the ground that it is not aggrieved thereby since the order dated April 1, 1991, did not grant summary judgment to the plaintiff in Matter No. 1; and it is further,

Ordered that the order dated April 1, 1991, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated April 12, 1991, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

We agree with the Supreme Court's conclusion that the resolution adopted on January 2, 1990, was ineffective to amend the Zoning Code of the Town of Brookhaven, which was enacted by Local Laws, 1987, No. 7 of the Town of Brookhaven. The doctrine of legislative equivalency requires that existing legislation be amended or repealed by the same procedures as were used to enact it *(see, Matter of Gallagher v Regan,* 42 NY2d 230, 234). We find no merit to the Town's contention that the procedure followed for the passage of the January 2, 1990, resolution substantially complied with the requirements for the passage of a local law *(see,* Municipal Home Rule Law §§ 20, 27; *cf., Alscot Investing Corp. v Laibach,* 65 NY2d 1042, 1044; *Matter of Schilling v Dunne,* 119 AD2d 179, 184).

The Town's argument that Local Laws, 1987, No. 7 of the Town of Brookhaven provided by its terms that it could be amended by ordinance is improperly raised for the first time on appeal *(see, Mastronardi v Mitchell,* 109 AD2d 825, 827-828). In any event, the argument is without merit, since such a provision would be inconsistent with the provisions of the Municipal Home Rule Law, and beyond the supersession powers granted to local governments *(see,* Municipal Home Rule Law § 10 [1] [ii] [d] [3]).

In addition, we agree with the Supreme Court's conclusion that the allegations in the complaint in Matter No. 3 and in the petition in Matter No. 4 stated valid causes of action on the ground, *inter alia,* that the April 3, 1990, enactment of Local Laws, 1990, No. 15 of the Town of Brookhaven, to allegedly remedy the defects of the January 2, 1990, resolution, did not comply with the notice requirements of Town Law § 264 *(see, Matter of Gardiner v LoGrande,* 92 AD2d 611, 612, *affd* 60 NY2d 673). Balletta, J. P., Copertino, Friedmann and Goldstein, JJ., concur.