■ PARVIS NOGHREY, Respondent, v TOWN OF BROOKHAVEN et al., Appellants. [625 NYS2d 268] —In an action, inter alia, for a judgment declaring the invalidity of certain resolutions adopted by the Town Board of the Town of Brookhaven, dated November 15, 1988, which rezoned two parcels owned by the plaintiff, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Lama, J.), dated May 15, 1992, as upon granting the plaintiff's motion for partial summary judgment on the thirteenth cause of action

and denying the defendants' cross motion for summary judgment dismissing that cause of action, severed that cause of action and made the declaration.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court's conclusion that the resolutions adopted by the Town Board of the Town of Brookhaven, dated November 15, 1988, were ineffective to amend the Zoning Code of the Town of Brookhaven, which had been enacted by Local Laws, 1987, No. 7 of the Town of Brookhaven. The doctrine of legislative equivalency requires that existing legislation may only be amended or repealed by the same means as was used to enact it *(see, Matter of Gallagher v Regan,* 42 NY2d 230, 234). We find no merit to the Town's contention that the procedure followed for the passage of the resolution in question substantially complied with the requirements for the passage of a local law *(see,* Municipal Home Rule Law §§ 20, 27; *Matter of Rockland Props. Corp. v Town of Brookhaven,* 205 AD2d 518; *cf., Alscot Investing Corp. v Laibach,* 65 NY2d 1042, 1044; *Matter of Schilling v Dunne,* 119 AD2d 179, 184). Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.