■ NAFTAL ASSOCIATES et al., Respondents, v TOWN OF BROOKHAVEN, Appellant. (Action No. 1.) NAFTAL ASSOCIATES et al., Respondents, v TOWN OF BROOKHAVEN, Appellant. (Action No. 2.) NAFTAL ASSOCIATES et al., Respondents, v TOWN OF

BROOKHAVEN et al., Appellants. (Action No. 3.) [633 NYS2d 798] —In three related declaratory judgment actions to declare the rezoning of certain properties null and void (1) the defendants in Action No. 3 (Appeal No. 91-10330) appeal from so much of an order of the Supreme Court, Suffolk County (Brown, J.), dated June 14, 1991, as denied their motion to dismiss the complaint in Action No. 3 for failure to state a cause of action and on the ground that there was another pending action, (2) the defendant in Action No. 2 (Appeal No. 91-10337) appeals from an order of the same court, dated August 14, 1991, which denied its motion to dismiss the complaint in Action No. 2 on the ground that there was another pending action, and (3) the defendant in Action No. 1 (Appeal No. 91-10338) appeals from an order of the same court, dated September 4, 1991, which, *inter alia,* denied its motion to dismiss the complaint in Action No. 1 for failure to state a cause of action and granted the plaintiffs' motion for partial summary judgment declaring that the rezoning of the plaintiffs' properties was invalid.

Ordered that the order dated June 14, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the orders dated August 14, 1991, and September 4, 1991, are affirmed; and it is further,

Ordered that the respondents on each appeal are awarded separate bills of costs.

We agree with the Supreme Court's conclusion that the resolution adopted on November 15, 1988, was ineffective to amend the Zoning Code of the Town of Brookhaven, which was enacted by Local Laws, 1987, No. 7 of the Town of Brookhaven. The doctrine of legislative equivalency requires that existing legislation be amended or repealed by the same procedures as were used to enact it *(see, Matter of Gallagher v Regan,* 42 NY2d 230, 234; *see also, Matter of Torre v County of Nassau,* 86 NY2d 421; *Noghrey v Town of Brookhaven,* 214 AD2d 659; *Matter of Rockland Props. Corp. v Town of Brookhaven,* 205 AD2d 518, 519). We find no merit to the Town of Brookhaven's (hereinafter the Town) contention that the procedure followed for the passage of the resolution in question substantially complied with the requirements for the passage of a local law *(see,* Municipal Home Rule Law §§ 20, 27; *Noghrey v Town of Brookhaven, supra; Rockland Props. Corp. v Town of Brookhaven, supra,* at 519; *cf., Alscot Investing Corp. v Laibach,* 65 NY2d 1042, 1044; *Matter of Schilling v Dunne,* 119 AD2d 179, 184).

The Town's argument that Local Laws, 1987, No. 7 of the Town of Brookhaven, provided by its terms that it could be amended by ordinance is improperly raised for the first time

on appeal *(see, Matter of Rockland Props. Corp. v Town of Brookhaven, supra,* at 519; *Mastronardi v Mitchell,* 109 AD2d 825, 827, 828). In any event, the argument is without merit, since such a provision would be inconsistent with the provisions of the Municipal Home Rule Law, and beyond the supersession powers granted to local governments *(see,* Municipal Home Rule Law § 10 [1] [ii] [d] [3]).

In addition, we agree with the Supreme Court's conclusion that the allegations in the complaint in Action No. 3 stated a valid cause of action on the ground, *inter alia,* that the April 3, 1990, enactment of Local Laws, 1990, No. 15 of the Town of Brookhaven, to allegedly remedy the defects of the November 15, 1988, resolution, did not comply with the notice requirements of Town Law § 264 *(see, Matter of Gardiner v Lo Grande,* 92 AD2d 611, 612, *affd* 60 NY2d 673; *Matter of Rockland Props. Corp. v Town of Brookhaven,* 205 AD2d 518, 520, *supra).*

We have considered the appellants' remaining contentions and find them to be without merit Sullivan, J. P., Altman, Hart and Friedmann, JJ., concur.