■ John T. Paradis et al., Appellants, v Town of Schroeppel et al., Respondents. [735 NYS2d 278] —Judgment unani-

mously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiffs commenced this action alleging that defendant Town Board of the Town of Schroeppel (Town Board) lacked the authority to amend the local zoning law by its resolution, despite a provision in the Town of Schroeppel Zoning Law (Zoning Law) that specifically allows for that manner of amendment. The Town Board purported to amend the Zoning Law by resolutions in 1991 and 1999. Supreme Court erred in granting in its entirety defendants' motion and cross motion for summary judgment dismissing the amended complaint and in failing to grant that part of plaintiffs' cross motion seeking judgment declaring the 1999 resolution null and void. We agree with plaintiffs that the manner of amendment of local laws authorized by the Zoning Law is in direct conflict with the doctrine of legislative equivalency, which requires that existing legislation be amended or repealed by the same procedures that were used to enact it (*see, Matter of Gallagher v Regan,* 42 NY2d 230, 234; *Rockland Props. Corp. v Town of Brookhaven,* 205 AD2d 518, 519). Where a provision in the Zoning Law permits its amendment by a method other than the passage of another local law, such provision is inconsistent with the doctrine of legislative equivalency as set forth in Municipal Home Rule Law § 10 (1) (ii) (d) (3) (*see, Naftal Assocs. v Town of Brookhaven,* 221 AD2d 423, 424-425). Here, the Zoning Law permitted amendment of the zoning maps by Town Board resolution, which is not the procedural equivalent of the passage of another local law. We conclude, therefore, that the 1999 resolution is null and void (*see, Naftal Assocs. v Town of Brookhaven, supra,* at 424). In addition, we agree with plaintiffs that the court erred in granting the motion and cross motion based on the doctrine of stare decisis. That doctrine does not apply here because the doctrine of legislative equivalency was not raised in the 1993 proceeding concerning the 1991 resolution (*see generally, People v Bing,* 76 NY2d 331, 337-338).

With respect to the 1991 resolution, we conclude that, although it similarly would have been null and void based on the doctrine of legislative equivalency, plaintiffs nevertheless are barred by laches from contesting the validity of that resolution. The 1991 resolution rezoned a parcel of property upon the request of defendant Daniel W. Lyman, a developer, to permit a "planned unit development" that included mobile homes. The "legislative equivalency" argument was not raised in a prior court action concerning that resolution. Because Lyman would now be severely prejudiced because of significant sums spent preparing the land for the development, laches attaches (*see,*

*Eastern Shopping Ctrs. v Trenholm Motels,* 33 AD2d 930, 931-932).

We therefore modify the judgment by denying in part defendants' motion and cross motion and reinstating that part of the amended complaint that challenges the validity of the 1999 resolution and by granting in part plaintiffs' cross motion and granting judgment in favor of plaintiffs declaring that the 1999 resolution is null and void. (Appeal from Judgment of Supreme Court, Oswego County, Elliott, J.—Declaratory Judgment.) Present—Hayes, J. P., Scudder, Burns, Gorski and Lawton, JJ.