■ JEM Realty Company, Respondent, v Town Board of the Town of Southold, Appellant. [746 NYS2d 41]

The rezoning resolutions adopted on December 7, 1993, and July 26, 1994, were ineffective to amend the changes to the Zoning Code of the Town of Southold which were enacted by Local Law No. 1 in 1989 (Local Law No. 1 [1989] of Town of Southold). The doctrine of legislative equivalency requires that existing legislation be amended or repealed by the same procedure as was used to enact it (*see Naftal Assoc. v Town of Brookhaven,* 221 AD2d 423; *Noghrey v Town of Brookhaven,* 214 AD2d 659). The procedure for the passage of the resolutions in question failed to comply with the requirements for the passage of a local law. As a result, the motion of the Town Board of the Town of Southold (hereinafter the Town) for summary judgment should have been granted on the ground of legislative equivalency, and a judgment should have been entered declaring that the December 7, 1993, and July 26, 1994, rezoning resolutions were invalid.

We reject the argument that 1989 Local Law No. 1 was never properly filed pursuant to Municipal Home Rule Law § 27, and that this alleged procedural misstep is fatal to the Town's argument. Municipal Home Rule Law § 27 requires that the "text" of the law be filed with the Department of State and the record clearly reveals that this requirement was complied with by the Town. Thus, 1989 Local Law No. 1 was validly enacted.

The remaining contentions of JEM Realty Company are without merit. Prudenti, P.J., Feuerstein, Luciano and Schmidt, JJ., concur.