■ In the Matter of BRUNSWICK SMART GROWTH, INC., et al., Appellants, v TOWN BOARD OF TOWN OF BRUNSWICK et al., Respondents, et al., Respondent. [856 NYS2d 308]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Hummel, J.), entered January 26, 2007 in Rensselaer County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents Town Board of Town of Brunswick and Planning Board of Town of Brunswick approving the Highland Creek Planned Development District.

Respondent Landmark Development Group, LLC applied to respondent Town Board of the Town of Brunswick to have approximately 210 acres that was zoned for one acre residential approved as a planned development district. Landmark's plan, as amended, sought to develop a residential subdivision to be known as Highland Creek in which approximately 170 lots

would be located on about 55 of the 210 acres, with the remaining space left open and owned by a homeowners' association. A positive declaration was made by the Town Board under the State Environmental Quality Review Act, resulting in Landmark preparing a draft environmental impact statement. Numerous governmental boards and agencies reviewed various aspects of the proposed project. Opportunities were afforded for public hearings and written comments regarding the project and its environmental impact. In May 2006, the Town Board passed Resolution No. 37, which approved the Highland Creek Planned Development District subject to various conditions, including that Landmark file a major subdivision application with respondent Planning Board of Town of Brunswick and, in the event the Planning Board approved the subdivision plot, then the Town Board would "perform all procedures necessary for the placement of the Highland Creek planned development district upon the official zoning map of the Town of Brunswick." Petitioners commenced this CPLR article 78 proceeding seeking to annul the resolution. Supreme Court dismissed the petition and this appeal ensued.

Petitioners contend that the resolution adopted by the Town Board in May 2006 violated the doctrine of legislative equivalency. That doctrine dictates that existing legislation be repealed or modified only by a legislative act equal to the procedure used to enact it (*see Matter of New York Pub. Interest Research Group v Dinkins*, 83 NY2d 377, 384 [1994]; *Matter of Gallagher v Regan*, 42 NY2d 230, 234 [1977]; *see also Matter of Torre v County of Nassau*, 86 NY2d 421, 426 [1995]). The doctrine applies to attempts to amend a zoning code or ordinance by use of a resolution (*see Paradis v Town of Schroeppel*, 289 AD2d 1027, 1028 [2001]; *Noghrey v Town of Brookhaven*, 214 AD2d 659, 660 [1995]).

Here, however, the planned development district in the town zoning ordinance was a " 'floating zone' whose boundaries were not fixed in the original ordinance, but were to be established by later amendments to the zoning map" (*Town of North Hempstead v Village of N. Hills*, 38 NY2d 334, 342 [1975]). The use of a floating zone is the common and preferred method for creating planned development districts (*see* 2 Anderson, American Law of Zoning § 11:6 [Young 4th ed]). The two-step legislative process that follows from the use of a floating zone (i.e., the initial ordinance outlines procedures for a planned development district without setting boundaries, and the second legislative act amends the zoning ordinance and/or map to place an approved district) has long been recognized as an acceptable

technique (*see Rodgers v Village of Tarrytown,* 302 NY 115, 121 [1951]; 2 Salkin, New York Zoning Law and Practice § 24:04 [4th ed]).

Petitioners commenced this proceeding before the second legislative step was completed by the Town. The procedures followed by the Town up to the time when this proceeding was commenced were in compliance with the procedures established for the floating zone of a planned development district and did not run afoul of the doctrine of legislative equivalency. We note that the town respondents assert that, since the commencement of this proceeding, the Town has enacted an ordinance (i.e., a legislatively equivalent act) amending the zoning map to reflect the placement of the approved Highland Creek Planned Development District.

Cardona, P.J., Mercure and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.