In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of East Hampton dated October 1, 2009, adopting a resolution enacting Local Law No. 10 (2009) of the Village of East Hampton, which amended the Zoning Code of the Village of East Hampton to prohibit the introduction of outdoor dining as an accessory use in a commercial establishment located in a residential district, and in the nature of mandamus to compel the Zoning Board of Appeals of the Incorporated Village of East Hampton and the Design Review Board of the Incorporated Village of East Hampton to consider and grant the petitioners/ plaintiffs’ previously filed application for a special use permit allowing the petitioners/plaintiffs to offer outdoor dining at a certain inn and restaurant, and action for a judgment declaring, inter alia, that Local Law No. 10 (2009) of the Village of East Hampton is null and void as applied to the petitioners/plaintiffs, the appeal is from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 9, 2010, which granted that branch of the petition which was in the nature of mandamus to compel the Zoning Board of Appeals of the Incorporated Village of East Hampton and the Design Review Board of the Incorporated Village of East Hampton to consider and grant the petitioners/plaintiffs ’ application for a special use permit.
Ordered that the judgment is affirmed, with costs.
“Although the general rule is that a court should apply the zoning provisions in effect at the time it renders its decision (see Matter of Jul-Bet Enters., LLC v Town Bd. of Town of Riverhead, 48 AD3d 567 [2008]; Matter of D’Agostino Bros. Enters., Inc. v Vecchio, 13 AD3d 369 [2004]), pursuant to the *737 special facts exception, this Court may apply the law in effect at the time the petitioner’s application to the Zoning Board was made. The special facts exception may be applied if the municipality unduly delayed proceedings and acted in bad faith (see Matter of Pokoik v Silsdorf, 40 NY2d 769, 772-773 [1976]; Matter of Mamaroneck Beach & Yacht Club, Inc. v Zoning Bd. of Appeals of Vil. of Mamaroneck, 53 AD3d 494, 497 [2008]; Caruso v Town of Oyster Bay, 250 AD2d 639 [1998]; Figgie Intl. v Town of Huntington, 203 AD2d 416 [1994])” (Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent, 65 AD3d 154, 158-159 [2009]).
Here, the Supreme Court properly determined that the special facts exception applied, as the record reflects that the petitioners/plaintiffs (hereinafter the petitioners) would have been entitled to a special use permit allowing them to offer outdoor dining at their inn and restaurant under the law as it existed when they applied for such permit, and that the appellants acted in bad faith in both delaying action on the petitioners’ application, and hastily enacting Local Law No. 10 (2009) of the Village of East Hampton (hereinafter the Local Law), which was specifically intended to defeat the petitioners’ entitlement to the special use permit (see Matter of Golisano v Town Bd. of Town of Macedon, 31 AD2d 85, 88 [1968]).
We reject the appellants’ contention that the petitioners were not entitled to a special use permit as a matter of right prior to the change effected by the enactment of the Local Law, and that, therefore, the special facts exception does not apply. A special use permit is not a variance, as it does not involve varying the restrictions otherwise imposed by a zoning ordinance but, rather, involves adherence to a zoning ordinance. Moreover, while the power to grant variances is to be exercised sparingly, the issuance of a special use permit is a duty imposed upon a zoning board, provided that all of the standards provided in the ordinance are met (see 3 Anderson’s American Law of Zoning § 21.11 at 728-729 [4th ed]). As explained by the Appellate Division, Third Department, “[v]ery clearly, where an applicant has met the standards imposed by an ordinance, the board is obligated to issue a special use permit” (Matter of McDonald v City of Ogdensburg Zoning Bd. of Appeals, 101 AD2d 900, 901 [1984]).
Here, not only did the petitioners establish that all of the standards of the relevant zoning ordinance were met, but they also showed that their application for a special use permit was virtually identical to that of a similarly situated property owner in the same zoning district, whose application for the same *738 special use permit had been granted by the appellants. Thus, a denial of the petitioners’ application, under the law as it existed when the application was made, would have been arbitrary and capricious (see Knight v Amelkin, 68 NY2d 975, 977 [1986]).
Finally, in light of the sufficient, uncontroverted proof of the petitioners’ compliance with the ordinance justifying issuance of the special use permit, the Supreme Court appropriately directed the Zoning Board of Appeals of the Incorporated Village of East Hampton and the Design Review Board of the Incorporated Village of East Hampton (hereinafter together the Boards) to issue the special use permit, subject to reasonable conditions consistent with those imposed upon the similarly situated property owner in the same zoning district, whose application for the same special use permit had been granted by the appellants (see Matter of Pokoik v Silsdorf, 40 NY2d 769 [1976]; Matter of Highland Brooks Apts. v White, 40 AD2d 178 [1972]).
Accordingly, the Supreme Court correctly granted that branch of the petition which was in the nature of mandamus to compel the Boards to consider and grant the petitioners’ application for the subject special use permit on the ground that the Local Law prohibiting the issuance of such a special use permit is null and void as applied to the petitioners. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.