Matter of Calverton Manor, LLC v Town of Riverhead (2018 NY Slip Op 02610)





Matter of Calverton Manor, LLC v Town of Riverhead


2018 NY Slip Op 02610


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2014-10186
 (Index No. 4714/05)

[*1]In the Matter of Calverton Manor, LLC, appellant- respondent, 
v
Town of Riverhead, et al., respondents- appellants.


Certilman Balin Adler & Hyman LLP, Hauppauge, NY (John M. Wagner of counsel), for appellant-respondent.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo LLP, Riverhead, NY (Jennifer Nigro of counsel), for respondents-appellants.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review zoning resolutions of the respondent/defendant Town Board of the Town of Riverhead dated October 21, 2004, in effect, implementing a new rural corridor zoning district for the respondent/defendant Town of Riverhead, and action for declaratory relief, the petitioner/plaintiff appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated July 15, 2014, which denied its motion for summary judgment on the petition/complaint and denied so much of the petition as sought to annul the resolutions dated October 21, 2004, and, in effect, dismissed that part of the proceeding, and the respondents/defendants cross-appeal from so much of the same order as did not search the record and award them summary judgment and, in effect, make a declaration in their favor, on the petitioner/plaintiff's second cause of action.
ORDERED that the cross appeal is dismissed, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner/plaintiff (hereinafter the petitioner) submitted a site plan application in 2001 to construct numerous commercial and residential buildings on an undeveloped parcel of [*2]land in the respondent/defendant Town of Riverhead (hereinafter the Town). The petitioner worked with Town officials to revise the site plan application to bring it into compliance with then-applicable zoning rules. Meanwhile, since 1997, the respondent/defendant Town Board of the Town of Riverhead (hereinafter the Town Board) had been in the process of developing a new Comprehensive Plan (hereinafter the Comprehensive Plan) for the Town. The "goals and policies" of the Comprehensive Plan included "protect[ing] open space and farmland, while concentrating development" into certain specified areas. The Comprehensive Plan proposed eliminating certain permitted uses on the petitioner's parcel critical to the site plan application. The petitioner submitted its last revised site plan application in September 2003. While that application was still pending, the Town Board adopted the Comprehensive Plan on November 3, 2003.
The petitioner commenced several related hybrid proceedings/actions against the Town and the Town Board (hereinafter together the respondents) in the Supreme Court, Suffolk County. The instant hybrid proceeding/action challenges the Town Board's adoption of zoning amendments implementing the Rural Corridor component of the Comprehensive Plan (hereinafter the RLC law). The RLC law affected part of the property subject to the petitioner's site plan application.
The petitioner moved for summary judgment on the petition/complaint, arguing, among other things, that the Town Board failed to comply with General Municipal Law § 239-m and Town Law § 272-a, failed to comply with the procedural and substantive requirements of the State Environmental Quality Review Act (see ECL art 8; hereinafter SEQRA), failed to comply with the Comprehensive Plan, violated the doctrine of legislative equivalence, and exceeded its police powers. The petitioner's second cause of action sought a declaration that "special facts" entitled it to have its site plan application reviewed in accordance with the zoning designation in effect prior to the Town Board's adoption of the Comprehensive Plan.
The Supreme Court denied the motion. The court held that the respondents were entitled to the entry of judgment in their favor declaring the zoning resolutions at issue to be a legal, constitutional, and valid exercise of the police and zoning powers of the Town Board. The court further held that triable issues of fact existed with respect to the applicability of special facts. The petitioner appeals, and the respondents cross-appeal from so much of the order as did not search the record and award them summary judgment and, in effect, make a declaration in their favor, on the petitioner's second cause of action. We dismiss the cross appeal and affirm the order insofar as appealed from.
.
A party is not aggrieved by an order which does not grant relief that the party did not request (see Spielman v Mehraban, 105 AD3d 943, 943-944; Schlecker v Yorktown Elec. & Light. Distribs., Inc., 94 AD3d 855, 855). The respondents are not aggrieved by so much of the order as did not search the record and award them summary judgment and, in effect, make a declaration in their favor, on the petitioner's second cause of action (see Schlecker v Yorktown Elec. & Light. Distribs., Inc., 94 AD3d 855, 855).
Contrary to the petitioner's contention, the Town Board made a proper referral of the RLC law to the Suffolk County Planning Commission. " To facilitate regional review of amendments to a local zoning ordinance, General Municipal Law § 239-m requires the local municipality to refer its proposed amendments to the county planning board'" (Matter of Village of Kiryas Joel, N.Y. v Village of Woodbury, N.Y., 138 AD3d 1008, 1012, quoting Matter of Benson [*3]Point Realty Corp. v Town of E. Hampton, 62 AD3d 989, 991). Here, contrary to the petitioner's arguments, the Town Board made a "full statement" of its proposed RLC law in accordance with General Municipal Law § 239-m (see General Municipal Law § 239-m[1][c]). The revisions made to the RLC law after referral were " embraced within the original referral'" (Matter of Village of Kiryas Joel, N.Y. v Village of Woodbury, 138 AD3d at 1012, quoting Matter of Benson Point Realty Corp. v Town of E. Hampton, 62 AD3d at 992; see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 679).
We agree with the Supreme Court that the Town Board complied with the procedural and substantive requirements of SEQRA in adopting the RLC law. When a final generic environmental impact statement (hereinafter EIS) has been filed, no further SEQRA compliance is required if a subsequent proposed action will be carried out in conformance with the conditions and thresholds established for such actions in the generic EIS or its findings statement (see 6 NYCRR 617.10[d][1]; Matter of In Defense of Animals v Vassar Coll., 121 AD3d 991, 994). Here, the Town Board accepted a draft and a final generic EIS in connection with the Comprehensive Plan. The RLC law faithfully implemented relevant portions of the Comprehensive Plan and thereby satisfied the conditions and thresholds for future actions set forth in the generic EISs. The Town Board's reliance on the generic EISs prepared in connection with the Comprehensive Plan therefore satisfied the procedural and substantive requirements of SEQRA (see 6 NYCRR 617.10[d]; Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 319; Matter of Danyla v Town Bd. of Town of Florida, 259 AD2d 850, 851-853). Moreover, the petitioner failed to identify a clear conflict between the RLC law and the Comprehensive Plan (see Nicholson v Incorporated Vil. of Garden City, 112 AD3d 893, 894-895).
"The doctrine of legislative equivalency requires that existing legislation be amended or repealed by the same procedure as was used to enact it" (JEM Realty Co. v Town Bd. of Town of Southold, 297 AD2d 278, 279; see Naftal Assoc. v Town of Brookhanven, 221 AD2d 423, 424-425). "The doctrine applies to attempts to amend a zoning code or ordinance by use of a resolution" (Matter of Brunswick Smart Growth, Inc. v Town Bd. of Town of Brunswick, 51 AD3d 1119, 1120; see Paradis v Town of Schroeppel, 289 AD2d 1027, 1028). The petitioner here failed to demonstrate that the Town Board improperly amended the zoning map using a different type of legislative action than it used to effectuate its previous zoning map (see Matter of Miller v Kozakiewicz, 289 AD2d 494, 495).
Furthermore, the Supreme Court properly determined that the respondents were entitled to a judgment declaring that the RLC law was a constitutional and valid exercise of the Town Board's police powers. "Legislative enactments are entitled to an exceedingly strong presumption of constitutionality'" (Nicholson v Incorporated Vil. of Garden City, 112 AD3d 893, 894, quoting Lighthouse Shores v Town of Islip, 41 NY2d 7, 11). "A local law is cloaked with the same strong presumption of constitutionality as a statute" (Nicholson v Incorporated Vil. of Garden City, 112 AD3d at 894; see Town of Huntington v Park Shore County Day Camp of Dix Hills, 47 NY2d 61, 65). "With the police power as the predicate for the State's delegation of municipal zoning authority, a zoning ordinance will be struck down if it bears no substantial relation to the police power objective of promoting the public health, safety, morals or general welfare" (Trustees of Union Coll. in Town of Schenectady in State of N.Y. v Members of Schenectady City Council, 91 NY2d 161, 165; see Berenson v Town of New Castle, 38 NY2d 102, 107-108).
Here, the stated purpose of the RLC law was "to allow a very limited range of [*4]roadside shops and services that are compatible with the agricultural and rural setting along major arterial roads, such as New York State Route 25, leading into Downtown Riverhead and areas zoned Hamlet Center (HC) or Village Center (VC)." Contrary to the petitioner's arguments, the RLC law's designation of property along New York State Route 25 a few miles west of the hamlet of Riverhead as a rural corridor zone bore a rational relationship to its stated objective.
Although the general rule is that a court should apply the zoning provisions in effect at the time it renders its decision (see Matter of Jul-Bet Enters., LLC v Town Bd. of Town of Riverhead, 48 AD3d 567, 567-568; Matter of D'Agostino Bros. Enters., Inc. v Vecchio, 13 AD3d 369, 370), pursuant to the "special facts" exception, a court may apply the law in effect at the time the landowner's application was made. The special facts exception may be applied where the landowner "establishes entitlement as a matter of right to the underlying land use application," and " extensive delay[ ] indicative of bad faith . . . unjustifiable actions by the municipal officials . . . or abuse of administrative procedures" (Rocky Point Drive-In, L.P. v Town of Brookhaven, 21 NY3d 729, 736-737 [internal quotation marks omitted]; see Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr., 64 NY2d 921, 922; Matter of Pokoik v Silsdorf, 40 NY2d 769, 772-773; Matter of c/o Hamptons, LLC v Rickenbach, 98 AD3d 736, 737).
The record contains inconsistencies as to whether the petitioner's application was a "completed application" when it submitted the last revised version of its proposal in September 2003. There is evidence in the record that the petitioner needed to make additional revisions before the application could be treated as a "completed application" under the Town's rules, meaning that the petitioner was not entitled as a matter of right to the underlying land use application (see Rocky Point Drive-In, L.P. v Town of Brookhaven, 21 NY3d at 736-738). However, there is evidence in the record that the Town Board had determined the application to be a "completed application" when it was submitted in September 2003, meaning the Town Board may have delayed processing the petitioner's application in a manner indicative of bad faith (see Matter of c/o Hamptons, LLC v Rickenbach, 98 AD3d at 736-738). Thus, triable issues of fact exist as to the applicability of special facts.
The petitioner's remaining contentions are without merit.
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court