Matter of Koldin v City of Schenectady (2025 NY Slip Op 06769)

Matter of Koldin v City of Schenectady

2025 NY Slip Op 06769

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

CV-24-1027
[*1]In the Matter of Andrew B. Koldin, Respondent,
v
City of Schenectady et al., Appellants.

Calendar Date:October 17, 2025

Before:Pritzker, J.P., Lynch, Fisher and Mackey, JJ.

Maxine Barasch, Corporation Counsel, Schenectady (Matthew C. Hug of Hug Law PLLC, Albany, of counsel), for appellants.
Andrew B. Koldin, Clifton Park, respondent pro se.

Mackey, J.
Appeal from a judgment of the Supreme Court (Michael Cuevas, J.), entered May 13, 2024 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to pay petitioner for sick leave accruals.
Petitioner began his employment with respondent City of Schenectady in 2018, and was ultimately appointed to the position of corporation counsel. After concluding his employment with the City in 2023, petitioner inquired with the City's personnel and benefits administrator regarding payment for his unused sick leave pursuant to Code of the City of Schenectady § 87-13 (A), which provides, in relevant part, that certain employees shall be entitled to convert 75% of their accrued sick leave, up to 240 days, to cash upon termination of their employment. Petitioner's request was denied upon the basis that such payouts were not made to employees hired after April 2009, which limitation had been passed by resolution of the City Council pursuant to authority purportedly conferred by an amendment to the City Charter in 2011; namely, Local Law No. 2011-05. Further discussion on the matter did not yield a different determination, and petitioner thereafter commenced this CPLR article 78 proceeding seeking to compel respondents to pay out his accrued sick leave. Following oral argument, Supreme Court granted the petition and ordered the City to pay petitioner 75% of his accrued sick leave pursuant to Code of the City of Schenectady § 87-13 (A). Respondents appeal.
As a threshold matter, we are unpersuaded by respondents' argument that petitioner failed to exhaust his administrative remedies by not first appealing the denial of his request for payment of his sick leave accruals to the City's sick leave committee (see Code of the City of Schenectady § 87-13 [I]). "[I]t is well settled that an administrative agency's determination must be challenged through every available administrative remedy before it can be challenged in the courts" (Matter of Beckerman v New York State Dept. of Taxation & Fin., 232 AD3d 961, 964 [3d Dept 2024] [internal quotation marks and citation omitted]; see Matter of Ferris v Grass, 219 AD3d 1008, 1009 [3d Dept 2023]). Pertinent here, Code of the City of Schenectady § 87-13, which concerns the accrual, use and payment of sick leave, provides that "[e]mployees seeking relief from the provisions of this section can appeal to the [s]ick [l]eave [c]ommittee" (Code of the City of Schenectady § 87-13 [I]). Nevertheless, as this provision pertains specifically to employees and petitioner was no longer an employee at the time he commenced the instant CPLR article 78 proceeding, we agree with Supreme Court that the requirements of section 87-13 (I) are inapplicable (see generally Matter of Beckerman v New York State Dept. of Taxation & Fin., 232 AD3d at 964).
Turning to the merits, respondents contend that they were empowered by Local Law No. 2011-05 to modify employee benefits, including [*2]the payment of sick leave accruals, by resolution. By this mechanism, respondents purport to have modified the parameters of sick leave accrual payouts through their passage of various resolutions such that, according to respondents, petitioner is not entitled to payment of his accrued sick leave. The issue before us distills to whether respondents could lawfully supersede § 87-13 (A) of the Code of the City of Schenectady by resolution.
Under the well-established doctrine of legislative equivalency, "[t]o repeal or modify a statute requires a legislative act of equal dignity and import. Nothing less than another statute will suffice" (Matter of Moran v LaGuardia, 270 NY 450, 452 [1936]; see Matter of New York Pub. Interest Research Group v Dinkins, 83 NY2d 377, 384 [1994]; Matter of Brunswick Smart Growth, Inc. v Town Bd. of Town of Brunswick, 51 AD3d 1119, 1120 [3d Dept 2008]). In 1986, Code of the City of Schenectady § 87-13 (A) was adopted, establishing that nonunion employees "shall be entitled to convert 75% of [their] unused sick leave up to a maximum accumulation of 240 days to cash, upon termination of [their] services as an employee with the City." Subsequently, Local Law No. 2011-05 amended Chapter 13 of the City Charter to grant the City Council the authority "to fix and determine salaries, compensation and benefits of all City employees and Officers." Separate from this authority to establish salaries in the annual budget process, the local law provides that "[a]ll other compensation and benefits shall likewise be determined by the City Council pursuant to . . . General Municipal Law § 92 and codified in Chapter 87 of the Code of the City of Schenectady" (emphasis added), thus setting forth active directions as to the source of the City Council's authority for determining and requirements for codifying employee benefits. To be sure, General Municipal Law § 92 authorizes the governing board of each city to grant sick leave benefits "by local law, ordinance or resolution" (General Municipal Law § 92 [1]). Nevertheless, the doctrine of legislative equivalency "applies to attempts to amend a [city] code or ordinance by use of a resolution" (Matter of Brunswick Smart Growth, Inc. v Town Bd. of Town of Brunswick, 51 AD3d at 1120; see Matter of Collins v City of Schenectady, 256 App Div 389, 391 [3d Dept 1939]).
Construing the unambiguous language of Local Law No. 2011-05 according to its plain meaning (see State of New York v Alfa Laval Inc., 213 AD3d 1171, 1173 [3d Dept 2023]; Matter of United Jewish Community of Blooming Grove, Inc. v Washingtonville Cent. Sch. Dist., 207 AD3d 9, 12 [3d Dept 2022], affd 42 NY3d 348 [2024]), nothing therein repeals or otherwise amends any aspect of Chapter 87 of the Code of the City of Schenectady, including the provision at issue here, section 87-13 (A). To the contrary, Local Law No. 2011-05 expressly provides that the City Council's actions regarding employee benefits remain subject to the requirements [*3]and limitations codified in Chapter 87 of the City Code. To the extent that respondents assert that the reference to General Municipal Law § 92 indicates that Local Law No. 2011-05 was intended to permit the City Council to supersede Chapter 87 of the City Code by resolution, the amendment or repeal of a local law by resolution "is inconsistent with the doctrine of legislative equivalency" (Paradis v Town of Schroeppel, 289 AD2d 1027, 1028 [4th Dept 2001]; see Naftal Assoc. v Town of Brookhaven, 221 AD2d 423, 424-425 [2d Dept 1995]; Rockland Props. Corp. v Town of Brookhaven, 205 AD2d 518, 520 [2d Dept 1994]).[FN1] Accordingly, although General Municipal Law § 92 generally permits a city council to act by resolution in this regard, respondents remained subject to Code of the City of Schenectady § 87-13 (A) (see Matter of Moran v LaGuardia, 270 NY at 452; Matter of Brunswick Smart Growth, Inc. v Town Bd. of Town of Brunswick, 51 AD3d at 1120; Naftal Assoc. v Town of Brookhaven, 221 AD2d at 424).
Had the City intended to avoid being subject to that provision of its Code, it needed to repeal it in a manner consistent with the requirements of the legislative equivalency doctrine, i.e., not by resolution as it apparently attempted here (see JEM Realty Co. v Town Bd. of Town of Southold, 297 AD2d 278, 279 [2d Dept 2002], lv denied 99 NY2d 504 [2002]; compare Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d 838, 841 [2d Dept 2018], lv dismissed 35 NY3d 946 [2020]). As Code of the City of Schenectady § 87-13 (A) thus remained in effect, and there has been no showing that petitioner was not otherwise entitled to payment thereunder, Supreme Court did not err in directing respondents to pay petitioner for his accrued sick leave pursuant to that provision. Upon the same basis, respondents' related argument that a payout of petitioner's accrued sick leave would amount to an unconstitutional gift is without merit (see NY Const, art 8, § 1; General Municipal Law § 92 [1]; compare Gratto v Board of Educ. of Ausable Val. Cent. School Dist., 271 AD2d 175, 176 [3d Dept 2000]; Matter of Karp v North Country Community Coll., 258 AD2d 775, 775 [3d Dept 1999]).
We are unpersuaded by respondents' contention that petitioner should not recover payment of accrued sick leave under a theory of equitable estoppel. Despite respondents' speculation to the contrary, there is no record evidence that petitioner was specifically aware of or took a position as to Section 87-13 (A) until after ceasing his employment with the City, or that he otherwise conspired to deceive respondents, concealed facts or made false representations in this regard (see generally Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]; Matter of Hyundai Capital Am., Inc. v Marina, 233 AD3d 1318, 1320 [3d Dept 2024]; compare Matter of Huntington TV Cable Corp. v State of N.Y. Commn. on Cable Tel., 94 AD2d 816, 819 [3d Dept 1983], affd 61 NY2d 926 [1984]). We similarly find no evidence in the record [*4]indicating that petitioner waived his right to a sick leave payout under section 87-13 at any point during or after his employment with the City (see generally Matter of Aron Law PLLC v Town of Fallsburg, 199 AD3d 1286, 1290 [3d Dept 2021]).
Pritzker, J.P., Lynch and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Likewise, insofar as the last sentence of Local Law No. 2011-05 permits action by resolution, said language concerns solely the City Council's authority to approve collective bargaining agreements by resolution.