■ In the Matter of PANDORA REALTY, LLC, Petitioner, v NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, Respondent. [35 NYS3d 168]—Proceeding pursuant to CPLR article 78 to review two determinations of the New York City Environmental Control Board, both dated June 26, 2014, confirming the determinations of two administrative law judges dated February 18, 2014, and March 21, 2014, respectively, which, after hearings, found that the petitioner violated Administrative Code of the City of NY § 28-201.1, and assessed penalties in the sums of $12,000 and $6,000, respectively, against the petitioner.

Adjudged that the determinations dated June 26, 2014, are confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner received several notices of violation alleging that it violated Administrative Code of the City of NY § 28-201.1 by failing to comply with an order of the Commissioner of the Department of Buildings of the City of New York to obtain a permit for work performed on its property or to remove existing violations. After hearings, in determinations dated February 18, 2014, and March 21, 2014, respectively, two Administrative Law Judges (hereinafter ALJs) sustained two of the notices of violation and assessed penalties in the sums of $12,000 and $6,000, respectively, against the petitioner. In two determinations, both dated June 26, 2014, the respondent New York City Environmental Control Board (hereinafter the ECB) confirmed the determinations of the ALJs. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the two determinations of the ECB.

Contrary to the petitioner's contention, under the circumstances of this case, its right to due process was not violated as a result of the fact that the officer who issued the notices of

violation was not available at the hearing before the ALJ who issued the March 21, 2014, determination (*see Matter of Gordon v Brown*, 84 NY2d 574, 578 [1994]; *Matter of Estafanous v New York City Envtl. Control Bd.*, 136 AD3d 906, 907 [2016]; *Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd.*, 83 AD3d 838, 840-841 [2011]).

In addition, contrary to the petitioner's contention, the determinations of the ECB dated June 26, 2014, including its rejection of the petitioner's impossibility defense, were supported by substantial evidence (*see Matter of Town of Islip v New York State Pub. Empl. Relations Bd.*, 23 NY3d 482, 492 [2014]; *People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]; *Matter of Cantina El Bukis Corp. v New York State Liq. Auth.*, 46 AD3d 557 [2007]).

The petitioner's remaining contentions are not properly before this Court. Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.