Rose, J.
Appeal from a judgment of the Supreme Court (O’Connor, J.), entered February 2, 2015 in Albany County, which dismissed petitioner’s application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, review a determination of respondent denying petitioner’s request to rescind waste removal violation bills.
On April 9, 2014, respondent’s Department of General Services (hereinafter DGS) received a complaint from one of petitioner’s neighbors that trash was “blowing around” his yard and into the street. After investigating the complaint, DGS issued a notice of violation the next day informing petitioner that the condition of his yard violated chapter 313 of the Code of the City of Albany dealing with solid waste and that, if he failed to remedy the condition, DGS would bill him for the cost of cleanup, together with a 15% administrative surcharge, and impose a fine of up to $500 (hereinafter the first violation). After petitioner failed to take remedial action, DGS cleaned the property and charged him $838.73 ($638.73 for cleanup costs and a $200 fine). On a second occasion in April 2014, sanitation workers from DGS removed an “oversized amount of trash,” including discarded furniture, from the curb in front of petitioner’s property while they were collecting trash from residents. DGS then notified petitioner that the oversized trash constituted “[i]Ilegal debris” and that it was charging him $444.24 ($119.24 for cleanup costs and a $325 fine) for having to remove the trash (hereinafter the second violation). DGS denied petitioner’s request to rescind the two bills, prompting petitioner to request a hearing.
In July 2014, two administrative hearings were held — one concerning each violation — by DGS’s Code Enforcement Committee. At the conclusion of the hearings, the Enforcement Committee denied petitioner’s request to rescind the two bills and notified him that he could file an administrative appeal with the Board of Zoning Appeals (hereinafter BZA). Instead of taking an administrative appeal, however, petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment to annul the July 2014 determinations and declare, among other things, that chapter 313 of the Code of the City of Albany is preempted by, among other provisions, Penal Law § 55.10 and that a criminal court is the only appropriate forum for adjudicating the violations at issue. Following joinder of issue, Supreme Court found that *1363 petitioner failed to exhaust his administrative remedies with respect to his request to annul the July 2014 determinations. As to petitioner’s request for declaratory relief, Supreme Court determined that his preemption claims were without merit and that a violation of chapter 313 of the Code of the City of Albany is not a criminal violation within the meaning of Penal Law § 55.10. Accordingly, Supreme Court dismissed the petition/complaint, but granted petitioner 30 days within which to file an administrative appeal with the BZA. Petitioner now appeals.
Petitioner has notified us that, while this appeal was pending, he administratively appealed each of the July 2014 determinations to the BZA and the BZA rendered two decisions. As to the first violation, the BZA upheld the $638.73 portion of the charge that reflected the cleanup costs, but reversed the $200 fine, finding that DGS lacked the authority to levy a fine with respect to this charge. As to the second violation, however, the BZA found that no provision of the Code of the City of Albany permitted DGS to charge a property owner for the collection of excessive curbside trash and, accordingly, reversed the entire $444.24 charge. In light of the BZA’s decisions, we find that petitioner is no longer aggrieved by the second violation or the $200 fine that was imposed in connection with the first violation and his arguments in this respect are no longer properly before us (cf. Matter of Gibson v Carrier Corp., 307 AD2d 616, 619 [2003]; Sager Spuck Statewide Supply Co. v Meyer, 273 AD2d 745, 746 [2000]).[1] Accordingly, we need only address petitioner’s contentions concerning the portion of the first violation that the BZA did not reverse.
Turning to the merits, petitioner argues that the first violation should have been prosecuted in criminal court because it classifies as a criminal violation pursuant to Penal Law § 55.10. We disagree. Penal Law § 55.10 (3) (a) provides, in pertinent part, that “[a]ny offense defined outside this chapter which is not expressly designated a violation shall be deemed a violation if . . .a sentence to a term of imprisonment which is not in excess of [15] days is provided therein, or the only sentence provided therein is a fine.” Pursuant to Code of City of Albany § 313-51.1 (E) (1) — the provision that petitioner was charged with violating — where a property owner fails to comply with a *1364 notice of violation, DGS’s Commissioner is authorized to correct the violation and bill the property owner for the cleanup costs “together with a 15% surcharge for inspection and other administrative costs in connection therewith.” If the bill remains unpaid for 20 days, the charges “shall become a lien upon said property and shall be added to, become and form a part of the taxes to be next assessed and levied upon such parcel” (Code of City of Albany § 313-51.1 [E] [2]). Significantly, this section does not authorize DGS to impose a fine if a property owner fails to comply with a notice of violation, nor does it subject a property owner to imprisonment (see Code of City of Albany § 313-51.1 [E]). Furthermore, contrary to petitioner’s contention, because this section sets forth the penalties for failing to comply with a notice of violation, the general penalty provision set forth in Code of City of Albany § 258-1 — which provides for a fine and/or imprisonment only when “no penalty for a violation of [an] ordinance is imposed in any section or chapter of such ordinance” — is not applicable. In view of this, we find that a violation of Code of City of Albany § 313-51.1 (E) is not a criminal violation within the meaning of Penal Law § 55.10 (3). Accordingly, we agree with Supreme Court that Penal Law § 55.10 does not preempt it.[2]
Nor did Supreme Court err in finding that petitioner was required to exhaust his administrative remedies. Here, petitioner alleges that his constitutional rights were violated during the administrative process and, therefore, he was not required to exhaust his administrative remedies. Specifically, he asserts that he was not provided with adequate notice of the first violation, that the Enforcement Committee was biased, that DGS failed to introduce evidence at the hearing, thereby denying him his right to confront his accusers, and that DGS shifted the burden of proof. In our view, although petitioner couches his contentions in constitutional terms, they do not implicate the “administrative scheme itself” (Martinez 2001 v New York City Campaign Fin. Bd., 36 AD3d 544, 549 [2007]). Rather, they implicate only “specific aspects” of the administrative proceeding (Matter of Hyatt v Annucci, 134 AD3d 1359, 1359 [2015]; see Matter of Connerton v Ryan, 86 AD3d 698, 700 [2011]; Martinez 2001 v New York City Campaign Fin. Bd., 36 AD3d at 549) and they “ ‘require the resolution of factual issues reviewable at the administrative level’ ” (Town of Oyster Bay v Kirkland, 19 NY3d 1035, 1038 [2012], cert denied 568 *1365 US —, 133 S Ct 1502 [2013], quoting Matter of Schulz v State of New York, 86 NY2d 225, 232 [1995], cert denied 516 US 944 [1995]). Accordingly, we agree with Supreme Court’s determination that these contentions “ ‘should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established’ ” (Town of Oyster Bay v Kirkland, 19 NY3d at 1038, quoting Matter of Schulz v State of New York, 86 NY2d at 232; see Matter of Tasadfoy v Town of Wappinger, 22 AD3d 592, 592-593 [2005]).
Petitioner’s remaining contentions have been considered and determined to be similarly lacking in merit.
Garry, J.P., Egan Jr., Devine and Aarons, JJ., concur.
Ordered that the judgment is affirmed, without costs.

. Petitioner also raises an argument concerning the $250 fee that he had to pay to appeal each July 2014 determination to the BZA. However, inasmuch as petitioner has commenced a separate CPLR article 78 proceeding concerning the BZA’s decisions, this argument is more properly raised in the context of that proceeding.

. We also reject petitioner’s assertion that Code of City of Albany § 313-51.1 is preempted by 19 NYCRR part 1205 and Executive Law § 379, which is a section set forth in the Uniform Fire Prevention and Building Code Act.