Matter of Petralia v New York State Dept. of Labor (2021 NY Slip Op 00964)





Matter of Petralia v New York State Dept. of Labor


2021 NY Slip Op 00964


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


989 CA 20-00221

[*1]IN THE MATTER OF ARNOLD R. PETRALIA, PETITIONER-APPELLANT,
v
NEW YORK STATE DEPARTMENT OF LABOR, RESPONDENT-RESPONDENT. 






PETRALIA, WEBB & O'CONNELL, P.C., ROCHESTER (ARNOLD R. PETRALIA OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BEEZLY KIERNAN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (James J. Piampiano, J.), entered February 3, 2020 in a CPLR article 78 proceeding. The judgment granted the motion of respondent to dismiss the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In the course of defending a client against administrative charges of wage theft filed by respondent, petitioner—an attorney—wrote a letter to the regional office of United States Immigration and Customs Enforcement (ICE). In the letter, petitioner alleged that respondent was prosecuting his client for conduct required by federal immigration law, i.e., the termination of two identified employees who, according to petitioner, were unauthorized aliens that had procured employment with his client through fraudulent means. Petitioner's letter sought ICE's assistance in rectifying respondent's alleged failure to comply with federal immigration law (see generally Alfred Weissman Real Estate v Big V Supermarkets, 268 AD2d 101, 106-107 [2d Dept 2000]). Petitioner copied respondent on that letter.
Following receipt of the letter, respondent instituted a formal investigation of petitioner personally for a potential violation of Labor Law § 215 (1) (a), which as relevant here bars an employer's agent from "threaten[ing], penaliz[ing], or in any other manner discriminat[ing] or retaliat[ing] against any employee . . . because such employee has made a complaint to his or her employer" about an alleged wage violation. Section 215 (1) (a) further provides that, "[a]s used in this section, to threaten, penalize, or in any other manner discriminate or retaliate against any employee includes threatening to contact or contacting United States immigration authorities or otherwise reporting or threatening to report an employee's suspected citizenship or immigration status."
Petitioner then commenced the instant CPLR article 78 proceeding seeking, in effect, a writ of prohibition barring respondent from proceeding with its personal investigation of him. As grounds for prohibition, the petition alleged only that 8 USC § 1324a (h) (2) expressly preempted Labor Law § 215 (1) (a) insofar as the latter statute made contacting and threatening to contact federal immigration authorities a prohibited form of retaliation under state law. Respondent moved to dismiss the petition, arguing insofar as relevant here that petitioner had neither stated a cause of action nor exhausted his administrative remedies (see generally CPLR 7804 [f]). Supreme Court agreed with respondent on both issues, granted the motion, and dismissed the petition. Petitioner now appeals.
Preliminarily, respondent contends that petitioner cannot obtain prohibition under these [*2]circumstances because he has an adequate remedy at law with respect to his preemption claim (see generally Matter of Chasm Hydro, Inc. v New York State Dept. of Envtl. Conservation, 14 NY3d 27, 29-31 [2010]). As respondent essentially concedes, however, the record on appeal does not demonstrate that it advanced that particular contention in support of its motion before Supreme Court. Although respondent asserts that it raised its adequate-remedy contention in its memorandum of law to that court, the memorandum of law is not part of the record on appeal and thus cannot evidence respondent's preservation of that particular contention (see County of Jefferson v Onondaga Dev., LLC, 162 AD3d 1602, 1602 [4th Dept 2018]; Lyndaker v Board of Educ. of W. Can. Val. Cent. Sch. Dist., 129 AD3d 1561, 1564-1565 [4th Dept 2015]). Respondent's adequate-remedy argument is therefore unpreserved for our review (see Canandaigua Natl. Bank & Trust Co. v Palmer, 119 AD3d 1422, 1424-1425 [4th Dept 2014]; see generally Matter of County of Chemung v Shah, 28 NY3d 244, 262 [2016]).
Moreover, we agree with petitioner that the court erred in granting respondent's motion to dismiss on the ground that petitioner failed to exhaust his administrative remedies. The exhaustion rule does not apply where, as here, "the statute or administrative scheme itself is alleged to be unconstitutional, thus undermining the legality of the entire proceeding" (Martinez 2001 v New York City Campaign Fin. Bd., 36 AD3d 544, 549 [1st Dept 2007]; see Matter of Haddad v City of Albany, 149 AD3d 1361, 1364 [3d Dept 2017]). Notably, petitioner's preemption claim is not the sort of "constitutional claim that may require the resolution of factual issues reviewable at the administrative level [that] should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established" (Matter of Schulz v State of New York, 86 NY2d 225, 232 [1995], cert denied 516 US 944 [1995]). We therefore address the merits of petitioner's preemption claim.
As a general matter, "the United States Supreme Court has identified three types of preemption: (1) 'express preemption,' where Congress explicitly defines the extent to which its enactment preempts state law, (2) 'field preemption,' where Congress regulates a field so pervasively that an intent to occupy the field exclusively may be inferred, and (3) 'conflict preemption,' where the state and federal law actually conflict so that it is impossible for a party to simultaneously comply with both, or the state law stands as an obstacle to the execution of the full purposes and objectives of Congress" (Bantum v American Stock Exch., LLC, 7 AD3d 551, 552 [2d Dept 2004]; see Balbuena v IDR Realty LLC, 6 NY3d 338, 356-357 [2006]). Here, as noted above, the petition invoked only the express theory of preemption.
" 'Express preemption' applies where Congress explicitly declares that a federal law is intended to supersede state law" (Balbuena, 6 NY3d at 356; see Altria Group, Inc. v Good, 555 US 70, 76 [2008]; People v First Am. Corp., 76 AD3d 68, 72 [1st Dept 2010], affd 18 NY3d 173 [2011], cert denied 566 US 939 [2012]). When analyzing express preemption claims, the courts "take heed of the rule of interpretation that preemption clauses in a statute are to be narrowly construed and that matters beyond their scope are not preempted" (Wallace v Parks Corp., 212 AD2d 132, 138-139 [4th Dept 1995]; see Cipollone v Liggett Group, Inc., 505 US 504, 517, 524 [1992]).
The allegedly preemptive federal statute in this case provides that it "preempt[s] any State or local law imposing civil or criminal sanctions (other than through licensing and similar laws) upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens" (8 USC § 1324a [h] [2] [emphasis added]). As the emphasized text demonstrates, the preemptive ambit of 8 USC § 1324a (h) (2) extends only to state or local laws that impose sanctions upon certain identified individuals, namely, "those who employ, or recruit or refer for a fee for employment, unauthorized aliens." Labor Law § 215 (1) (a), however, does not penalize "those who employ, or recruit or refer for a fee for employment, unauthorized aliens"; rather, it penalizes those who, insofar as relevant here, retaliate against an employee by contacting or threatening to contact federal immigration authorities about the employee's immigration status. Nor does petitioner allege that respondent is invoking section 215 in this case to penalize him for having "employ[ed], or recruit[ed] or refer[red] for a fee for employment, unauthorized aliens." To the contrary, it is undisputed that petitioner did not engage in those actions. Thus, irrespective of its preemptive impact in other situations, 8 USC § 1324a (h) (2) does not preempt the application of section 215 to individuals—like petitioner—who fall "outside the scope of [the federal] preemption provision" (Small v Lorillard Tobacco Co., 252 AD2d 1, 13 [1st Dept 1998], affd 94 NY2d 43 [1999]). We therefore affirm the judgment on the ground that petitioner failed [*3]to state a cognizable preemption claim in his petition.
Finally, to the extent that petitioner's appellate brief asserts any other basis for preemption in this case, such theories are unpreserved (see People v Miran, 107 AD3d 28, 35 [4th Dept 2013], lv denied 21 NY3d 1044 [2013], reconsideration denied 22 NY3d 957 [2013], cert denied 572 US 1117 [2014]) and hence beyond our review in this CPLR article 78 proceeding (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]). Likewise unpreserved and unreviewable is petitioner's contention that respondent's proposed application of Labor Law § 215 would constitute an unconstitutional ex post facto penalty (see Matter of Williams v New York State Bd. of Parole, 277 AD2d 617, 617 [3d Dept 2000]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court