Matter of Ferris v Grass (2023 NY Slip Op 04170)

Matter of Ferris v Grass

2023 NY Slip Op 04170

Decided on August 3, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 3, 2023

CV-22-2293
[*1]In the Matter of Samara Ferris et al., Appellants,
v
Mary Grass, as Building Inspector for the Town of Mamakating, et al., Respondents.

Calendar Date:June 5, 2023

Before:Garry, P.J., Lynch, Clark, Aarons and Ceresia, JJ.

Tully Rinckey PLLC, Rochester (Karen R. Sanders of counsel), for appellants.
J & G Law, LLP, Walden (Lauren E. Scott of counsel), for respondents.

Lynch, J.
Appeal from a judgment of the Supreme Court (David M. Gandin, J.), entered May 26, 2022 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioners own Bashakill Vineyards in the Village of Wurtsboro, Sullivan County. In March 2021, petitioners filed a permit application with respondent Town of Mamakating Building Department (hereinafter the department) to commence construction work at the property. While petitioners' permit application was still pending, petitioners began the construction project. In April 2021, petitioners contacted respondent Mary Grass, a building inspector for the Town, to voice objections to the permit application requirements imposed by the department. Grass issued a determination on the matter on April 28, 2021 and petitioners expressed a desire to pursue legal action, at which time Grass stated that petitioners are "entitled to appeal" "any decision [she made] pursuant to the Zoning Code" to the Zoning Board of Appeals (hereinafter ZBA). Thereafter, in September 2021, the department issued a violation notice to petitioners, citing them for having started the construction project without proper permits and site plan approval from the Town's Planning Board. The violation notice stated how petitioners could remedy the violation, provided a September 17, 2021 deadline to do so, and provided the phone number of the appropriate office to contact to "arrange for an inspection once the violation has been corrected."
In April 2022, petitioners commenced this CPLR article 78 proceeding seeking, among other things, vacatur of the notice of violation and a judgment directing respondents to expedite the processing of their permit application. Respondents moved to dismiss the petition for failure to exhaust administrative remedies and to state a cause of action. Supreme Court granted respondents' motion, finding that petitioners failed to exhaust their administrative remedies prior to commencing this proceeding. Petitioners appeal.[FN1] We affirm.
It is well settled that "[o]ne who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (Town of Oyster Bay v Kirkland, 19 NY3d 1035, 1038 [2012] [internal quotation marks and citation omitted], cert denied 586 US 1213 [2013]; see Matter of Haddad v City of Albany, 149 AD3d 1361, 1363 [3d Dept 2017]; Matter of McFadden v Fonda, 148 AD3d 1430, 1431 [3d Dept 2017]). Under the Code of the Town of Mamakating, an aggrieved party may appeal to the ZBA "from any ruling of any administrative officer administering any portion of [the zoning] chapter," and must do so "within 60 days after the filing" thereof (Code of the Town of Mamakating § 199-57 [A] [1]). Rather than appealing the violation notice to the ZBA in accordance with this procedure, petitioners instead commenced this proceeding. Given petitioners' failure to first appeal [*2]to the ZBA, Supreme Court properly determined that judicial review was premature (see Matter of Foster v New York State Parole Bd., 131 AD3d 1332, 1332-1333 [3d Dept 2015]; see generally Matter of Mestecky v City of New York, 30 NY3d 239, 243 [2017]; Matter of Pandora Realty, LLC v New York City Envtl. Control Bd., 140 AD3d 1073, 1073 [2d Dept 2016]). Petitioners' assertion that the exhaustion requirement should be excused because an administrative appeal to the ZBA would have been futile is unpreserved for review and, in any event, is speculative (see generally Kumar v Franco, 211 AD3d 1437, 1441 [3d Dept 2022]). For the foregoing reasons, Supreme Court properly dismissed the petition. Petitioners' remaining contentions, to the extent not expressly addressed, have been considered and found to be unpreserved or lacking in merit.
Garry, P.J., Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Insofar as respondents maintain that petitioners' appeal is not one as of right pursuant to CPLR 5701 (b) (1), such argument is without merit, as "[a]n appeal may be taken . . . from any final or interlocutory judgment" (CPLR 5701 [a] [1]) and Supreme Court issued a final judgment dismissing the petition.